**Tracie Ann GRIESE, Petitioner,
Respondent,**

v.

**Christopher R. KAMP, Appellant.**

No. C8–02–2281.

Court of Appeals of Minnesota.

July 29, 2003.

Marty G. Helle, Hoversten, Johnson, Beckmann & Hovey, L.L.P., MN, for respondent.

Brandon V. Lawhead, Lawhead Law Offices, Austin, MN, for appellant.

Considered and decided by SHUMAKER, Presiding Judge, ANDERSON, Judge, and HALBROOKS, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant-father alleges that the district court abused its discretion when it declined to hold an evidentiary hearing before denying his motion to modify custody. He argues that the court erred when it refused to give sufficient weight to the initial affidavits of respondent-mother's parents, which favored appellant-father, but were later contradicted by subsequent affidavits from respondent-mother's parents. Because of the seriousness of the allegations and the contradictory nature of the affidavits by the same affiants, we reverse and remand for an evidentiary hearing.

## FACTS

Appellant-father Christopher R. Kamp and respondent-mother Tracie Ann Griese are the parents of a daughter, L.A.G., who was born in 1995. Griese has sole physical custody of L.A.G., and for the past two years both have lived in the home of Griese's parents, Daryl and Betty Griese (collectively, the grandparents).

On November 21, 2002, Kamp filed a change-of-custody motion, which was accompanied by affidavits from Kamp, Daryl Griese, Betty Griese, and Tracie Ann Griese's ex-boyfriend, Kevin Johnson. In his motion, Kamp alleged that Griese's endangerment of the child and a change in circumstances warranted a custody modification. Kamp's affidavit stated that the child has expressed concerns for her safe-

ty, recounting L.A.G.'s statements that Griese hit her when Griese was under the influence of drugs, took L.A.G. to parties where drugs were being used, and smoked marijuana in her vehicle with L.A.G. present. Johnson's affidavit stated that Griese excessively used drugs, she used drugs in L.A.G.'s presence, and she hit L.A.G. for no reason.

Daryl Griese's initial affidavit stated, among other concerns, that Griese "is currently using drugs frequently," "smokes pot and uses other drugs around [L.A.G.]," has an extensive drug problem that "she cannot resist * * * even for a short period of time," takes L.A.G. to parties where drugs are used, drives recklessly, has driven while under the influence of drugs and with L.A.G. in the car, does not carry auto insurance, and "puts the child in extremely dangerous situations." Daryl stated that Griese "has done no child care," has been "passed out upstairs" while L.A.G. was downstairs unsupervised, and that, when the grandparents are not present, "[L.A.G.] is neglected." He concluded his affidavit by stating that giving custody to Kamp is "the best way to insure that the child is safe."

The content of Betty Griese's initial affidavit was nearly identical to that of Daryl Griese, but Betty added that Griese's drug use had been escalating, L.A.G. will be harmed if she remains in Griese's custody, L.A.G. "is in extreme immediate danger of physical harm because of [Griese's] uncontrolled drug use," and Griese "is a flight risk with the child," suggesting that Griese will "take [L.A.G.] out of state and hide."

In response, Griese filed an opposing affidavit denying the allegations in the affidavits of Kamp, Johnson, and Griese's parents. She stated, among other things, that she has smoked marijuana in the past, but has not smoked marijuana "for some time now."

Two weeks after they submitted their initial affidavits, the grandparents filed additional affidavits that qualified and directly contradicted portions of their prior affidavits. These additional affidavits stated that the grandparents "can't prove that [Griese] is using drugs," though they have noted "some strange behavior, which may have been caused by drugs," and that Daryl "has smelled things that [he] think[s] smelled like marijuana." The grandparents also minimized their prior-stated fear of "physical harm" to L.A.G. as merely being their fear that Griese would prevent L.A.G. from seeing them. They stated that they "certainly suspect" that Griese has driven a car while under the influence of drugs, but they "have no evidence" that she has done so. The affidavits also stated that even though they suspect and have heard rumors that Griese's friends do drugs, they have never seen them do so. They said that their prior statements that Griese was "passed out" were inaccurate, restating that Griese was only "sleeping," though sometimes the sleeping was "at strange hours." The grandparents added that when they made their prior affidavits, they did not think that their statements "would be used to take [L.A.G.] away from [Griese] on a permanent basis."

Without holding an evidentiary hearing, the district court denied Kamp's motion for custody modification. The court explained that although the affidavits from Kamp and Johnson alone were insufficient to warrant an evidentiary hearing, those affidavits—when coupled with the initial affidavits from the grandparents—*did* establish the requisite prima facie case to require an evidentiary hearing. But the court went on to state that it could not take the initial affidavits as true because they were "directly contradicted, explained and/or compromised, by subsequent affidavits of the same individuals, i.e. [Griese's]

parents." Consequently, the district court found that Kamp failed to meet the requirements for an evidentiary hearing, and it denied Kamp's motion for an evidentiary hearing and his request for physical custody. This appeal follows.

## ISSUE

Where the district court was presented with contradictory material affidavits from the same affiants, did it err by denying an evidentiary hearing?

## ANALYSIS

■■■ Generally, an appellate court's review of a district court's decision to dismiss a custody-modification petition without an evidentiary hearing is limited to whether the district court abused its discretion. *Geibe v. Geibe*, 571 N.W.2d 774, 777 (Minn.App.1997). But when a district court's decision relies upon affidavits that are available in the same form to an appellate court, this court reviews the decision de novo. *Ross v. Ross*, 477 N.W.2d 753, 755–56 (Minn.App.1991). Where, as here, the appellate court is called upon to read and interpret the same affidavits available to the district court, and where there is no evidence beyond those documents, we hold that the appropriate standard of review is de novo.

■ A party seeking modification of child custody must submit an affidavit asserting facts to support the requested modification. Minn.Stat. § 518.185 (2002). To establish a prima facie case and to obtain an evidentiary hearing, a party moving for custody modification must establish four elements:

(1) a change in the circumstances of the child or custodian; (2) that a modification would serve the best interests of the child; (3) that the child's present environment endangers her physical or emotional health or emotional development;

and (4) that the harm to the child likely to be caused by the change of environment is outweighed by the advantage of change.

*Geibe*, 571 N.W.2d at 778 (citation omitted); *see* Minn.Stat. § 518.18 (providing relevant factors when considering motions for modification of custody). The movant's affidavits must show the present endangerment of the child, and a showing of endangerment is a threshold issue. *See* Minn.Stat. § 518.18(d)(iv) (2002) (requiring analysis of the child's "present environment"); *Niemi v. Schachtschneider*, 435 N.W.2d 117, 119 (Minn.App.1989).

■■■ When evaluating these factors, a district court must accept the moving party's affidavits as true. *Nice–Petersen v. Nice–Petersen*, 310 N.W.2d 471, 472 (Minn. 1981). If the movant's affidavits do not provide sufficient grounds for modification, the trial court should deny an evidentiary hearing. *Roehrdanz v. Roehrdanz*, 438 N.W.2d 687, 690 (Minn.App.1989), *review denied* (Minn. June 21, 1989). Conversely, where some factual dispute exists regarding whether the present environment endangers the child, the district court should schedule an evidentiary hearing. *Harkema v. Harkema*, 474 N.W.2d 10, 14 (Minn. App.1991).

■ A court must disregard any directly contrary affidavits and may only use an opposing party's contrary affidavits to "explain the circumstances surrounding the accusations." *Geibe*, 571 N.W.2d at 779 (citation omitted). Here, the district court acknowledged that Kamp's and Johnson's affidavits, when viewed with the grandparents' initial affidavits, established a prima facie case. The court stated, however, that the grandparents' second set of affidavits effectively nullified the statements in their initial affidavits. Specifically, it ruled that it could not "take as

true" any affidavits "that are directly contradicted, explained and/or compromised, by subsequent affidavits *of the same individuals,* i.e. [Griese's] parents." This ruling, however, is directly contrary to the rule that the court must accept as true the movant's affidavits, must disregard any affidavits directly contrary to the *movant's* affidavits, and may only use those contrary affidavits to "explain the circumstances surrounding the accusations." *Id.* The district court has done precisely the opposite by taking as true the grandparents' second set of contradictory affidavits and disregarding their *prior* affidavits.

Accordingly, the district court may not give weight to any directly contradictory evidence in the grandparents' second set of affidavits. Even those portions that appear to explain the circumstances surrounding their prior statements serve to confirm that the grandparents still suspect that Griese has engaged in the endangering behavior, but that they do not have clear evidence to prove it. However, for the purposes of a *Nice–Petersen* hearing, allegations need not be corroborated with additional independent evidence. *Lilleboe v. Lilleboe,* 453 N.W.2d 721, 722–23 (Minn. App.1990) (reversing when trial court denied evidentiary hearing because of lack of independent substantiation).

The grandparents' contradiction of their prior affidavits, at the very least, raises a question of fact requiring an evidentiary hearing. *See Larson v. Larson,* 400 N.W.2d 379, 381–82 (Minn.App.1987) (holding that contradictory, mitigating affidavits justify an evidentiary hearing). In the context of summary judgment in other civil cases, Minnesota courts have held that a party cannot eliminate the damage done in prior evidence by providing later, contradictory evidence. *See, e.g., Oreck v. Harvey Homes, Inc.,* 602 N.W.2d 424, 429

(Minn.App.1999) (in summary-judgment proceeding, self-serving affidavit later contradicting earlier deposition testimony did not create material fact issue), *review denied* (Minn. Jan. 25, 2000). As in *Nice–Petersen* hearings, summary-judgment cases have an exception stating that later affidavits from the same individuals may only explain and clarify the prior statements, rather than simply contradicting them. *Hoover v. Norwest Private Mortgage Banking,* 632 N.W.2d 534, 541 n. 4 (Minn.2001). The courts in these cases have consistently given credence to elements of the first testimony and have stated that subsequent testimony cannot serve to fully eliminate the effects of the first.

■ Minnesota courts have held that evidentiary "hearings are strongly encouraged where allegations are made of present endangerment to a child's health or emotional well being." *Ross,* 477 N.W.2d at 756 (citing *Harkema,* 474 N.W.2d at 14; *Lilleboe,* 453 N.W.2d at 724). Considering the seriousness of the allegations alleged by Kamp and by the grandparents, an evidentiary hearing is even more appropriate. *See Harkema,* 474 N.W.2d at 14 (requiring evidentiary hearing when affidavits provide factual disputes regarding endangerment). An evidentiary hearing serves to resolve disputes with contradictory evidence. *Larson,* 400 N.W.2d at 381–82 (requiring evidentiary hearing after submission of contradictory, mitigating affidavits). There does not appear to be more contradictory evidence than that in the present case, where the grandparents initially provided very damaging affidavits and then directly contradicted those statements two weeks later.

Finally, we address respondent's motion to strike. In response to Griese's affidavits, Kamp filed an affidavit that he included in the appendix to his appellate brief. Because the district court did not consider

Kamp's responsive affidavit, we grant respondent's motion to strike it from the appellate record. *See* Minn. R. Civ.App. P. 110.01 (defining record on appeal).

## DECISION

Because the conflicting affidavits demonstrate that an evidentiary hearing is needed to ascertain whether L.A.G. is in a dangerous situation, we hold that the district court erred by denying an evidentiary hearing, and we remand for further proceedings.

**Reversed and remanded; motion granted.**