2016 ND 246

**Lisa D. SOLWEY, Plaintiff and Appellee**

v.

**Thomas J. SOLWEY, Defendant and Appellant**

No. 20160158

Supreme Court of North Dakota.

Filed 12/20/2016

Steven T. Ottmar, Jamestown, ND, for plaintiff and appellee.

Timothy C. Lamb, Grand Forks, ND, for defendant and appellant.

Sandstrom, Justice.

[¶ 1] Thomas Solwey appeals the district court order denying his petition to modify primary parental responsibility. We reverse and remand for further proceedings, concluding Thomas Solwey established a prima facie case for modification and was entitled to an evidentiary hearing. We decline his request that we order a different district judge hear the matter on remand. We also decline his request for attorney's fees.

I

[¶ 2] Thomas and Lisa Solwey married in 1998 and divorced in October 2013. They have four children, a daughter born in 1999, a twin son and a twin daughter born in 2003, and a daughter born in 2007. The mother received primary residential responsibility for the children.

[¶ 3] In August 2015, the father moved to modify primary residential responsibility. Under the heightened standard for such motions within two years of the previous order, the district court dismissed the motion without an evidentiary hearing. *See* N.D.C.C. § 14–09–06.6(1) and (3). The father did not appeal that order.

[¶ 4] In November 2015, the father again moved to modify primary residential responsibility. He submitted his affidavit and affidavits from the twin children. The affidavits included several allegations about the son's disruptive behavior. The mother responded with her affidavit and affidavits from the twin children. The allegations in the twins' second affidavits recanted much of their first affidavits.

[¶ 5] On March 2, 2016, the district court ordered the parties to mediate the dispute, with mediation to be completed within 90 days.

[¶ 6] On April 6, 2016, before mediation was completed, the district court issued an order denying the motion to change custody, finding the father's allegations failed to show modification would be in the children's best interests. The court rejected the twins' first and second affidavits, finding the twins lacked credibility because they were "willing to sign an affidavit

based upon whoever they [were] with at the time." In its order, the court said it "incorporates into this order the findings of fact and analysis of the order" on the earlier motion.

[¶ 7] The father moved the court to reconsider its order and attached this Court's opinion in *Forster v. Flaagan*, 2016 ND 12, 873 N.W.2d 904. The district court denied the father's motion for reconsideration.

[¶ 8] The father appeals, arguing he established a prima facie case for an evidentiary hearing. He also argues that if this Court reverses the district court's decision, (1) the judge should not be allowed to hear the case on remand because he was biased in ruling against him, and (2) he is entitled to attorney's fees.

[¶ 9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Thomas Solwey's appeal is timely under N.D.R.App.P. 4(a). We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 10] Thomas Solwey argues he should have been given an evidentiary hearing on his motion to change primary residential responsibility for the children.

## A

[¶ 11] In *Anderson v. Jenkins*, 2013 ND 167, ¶¶ 7–10, 837 N.W.2d 374, we explained the legal framework of our analysis:

Section 14–09–06.6, N.D.C.C., provides for a post-judgment modification of primary residential responsibility more than two years after entry of an order establishing primary residential responsibility:

4. A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

. . . .

6. The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interests of the child.

Under N.D.C.C. § 14–09–06.6(6)(a), we have explained that a "material change in circumstances" is an important new fact that was unknown at the time of the prior custody decision. *See Charvat v. Charvat*, 2013 ND 145, ¶ 7, 835 N.W.2d 846; *Thompson v. Thompson*, 2012 ND 15, ¶ 6, 809 N.W.2d 331. The party moving for a change of primary residential responsibility has the burden of establishing a prima facie case under N.D.C.C. § 14–09–06.6(4) to justify modification before the party is enti-

tled to an evidentiary hearing. *Schumacker v. Schumacker*, 2011 ND 75, ¶ 7, 796 N.W.2d 636; *Green v. Green*, 2009 ND 162, ¶ 7, 772 N.W.2d 612. "Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo." *Charvat*, 2013 ND 145, ¶ 9, 835 N.W.2d 846; *see also Sweeney v. Kirby*, 2013 ND 9, ¶ 3, 826 N.W.2d 330; *Wolt v. Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534.

We have explained that a prima facie case requires only enough evidence to permit a factfinder to infer the fact at issue and rule in the moving party's favor. *Kartes v. Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731; *Sweeney*, 2013 ND 9, ¶ 5, 826 N.W.2d 330. "A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed." *Ehli v. Joyce*, 2010 ND 199, ¶ 7, 789 N.W.2d 560. "Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge." *Schumacker*, 2011 ND 75, ¶ 7, 796 N.W.2d 636. "Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." *Joyce*, at ¶ 7.

This Court has provided guidance on the district court's consideration of the motion:

> In determining whether a prima facie case has been established, the district court must accept the truth of the moving party's allegations. *Kartes*, 2013 ND 106, ¶ 9, 831 N.W.2d 731; *Schumacker v. Schumacker*, 2011 ND 75, ¶ 8, 796 N.W.2d 636. The party opposing the motion may attempt to rebut a prima facie case by presenting evidence conclusively demonstrating the moving party is not entitled to a modification, but when the opposing party's evidence merely creates conflicting issues of fact, the court may not weigh the conflicting allegations when deciding whether a prima facie case has been established. *Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534. Only when the opposing party presents counter-affidavits that conclusively show the allegations of the moving party have no credibility, or when the movant's allegations are, on their face, insufficient to justify custody modification, may the district court decide the moving party has not established a prima facie case and deny the motion without an evidentiary hearing. *Id.*

*Charvat*, 2013 ND 145, ¶ 10, 835 N.W.2d 846. In *Jensen v. Jensen*, 2013 ND 144, ¶ 10, 835 N.W.2d 819, we noted district courts had engaged in weighing of evidence presented in the competing affidavits to reach conclusions that a moving party's evidence did not establish a prima facie case. We therefore clarified in *Jensen* the standards governing the district court's consideration and decision whether a prima facie case under N.D.C.C. § 14-09-06.6(4) has been established when the movant's allegations are supported by competent, admissible evidence:

> [T]he court may conclude the moving party failed to establish a prima facie case *only* if: (1) the opposing party's counter-affidavits conclusively establish that the moving party's allegations have no credibility; or (2) the moving party's allegations are insufficient on their face, even if uncontradicted, to justify modification. Unless the counter-affidavits conclusively es-

tablish the movant's allegations have no credibility, the district court must accept the truth of the moving party's allegations.

*Jensen*, at ¶ 13.

## B

[¶ 12] We first address the issue of the conflicting affidavits from the children.

[¶ 13] The father submitted affidavits from the twin children in support of the motion to modify. In support of her opposition to the motion, the mother submitted affidavits from the same children recanting some of the statements in their other affidavits. The district court wrote, "It is clear to the Court that the children's conflicting affidavits signed in support of each party's position should be given little, if any, weight." We have repeatedly admonished against weighing evidence when "deciding whether a prima facie case has been established." *Wolt*, 2011 ND 170, ¶ 9, 803 N.W.2d 534; *Anderson*, 2013 ND 167, ¶ 10, 837 N.W.2d 374. "In determining whether a prima facie case has been established, the district court must accept the truth of the moving party's allegations." *Jensen*, 2013 ND 144, ¶ 9, 835 N.W.2d 819.

[¶ 14] Our neighboring State of Minnesota has addressed a similar situation in which a trial court disregarded the first affidavits submitted by the moving party when the non-moving party submitted second affidavits in conflict with the first: "This ruling, however, is directly contrary to the rule that the court must accept as true the movant's affidavits, must disregard any affidavits directly contrary to the *movant's* affidavits, and may only use those contrary affidavits to 'explain the circumstances surrounding the accusations.'" *See Griese v. Kamp*, 666 N.W.2d 404, 408 (Minn. Ct. App. 2003). The Minnesota court said the "contradiction of their prior affidavits, at the very least, raises a question of fact requiring an evidentiary hearing." *Id.* As a matter of public policy, we are also concerned that a contrary rule could result in children being subjected to pressure from other family members to sign contradictory affidavits.

[¶ 15] We hold, if the moving party submits an affidavit and the non-moving party submits a subsequent affidavit by the same person that conflicts with the first affidavit, a district court must disregard any conflicting allegations in the subsequent affidavit for purposes of deciding whether a prima facie showing has been made. We conclude the district court erred as a matter of law when it largely disregarded the children's affidavits in support of the motion.

## C

[¶ 16] In denying an evidentiary hearing, the district court made factual findings and incorporated by reference findings it made on the previous motion. We have cautioned that the determination of a prima facie showing is not the time for a "mini-trial[ ] by affidavit." *Jensen*, 2013 ND 144, ¶ 12, 835 N.W.2d 819.

## D

[¶ 17] Satisfying the material change in circumstances prong requires that the moving party show a material change has occurred in the circumstances of the child or the parties. N.D.C.C. § 14–09–06.6(6). A "material change" is an "important new fact that was unknown at the time of the prior custody decision." *Anderson*, 2013 ND 167, ¶ 8, 837 N.W.2d 374. A parent moving in with her significant other may be viewed as a significant change of circumstances. *Gietzen v. Gietzen*, 1998 ND 70, ¶ 10, 575 N.W.2d 924.

[¶ 18] Since the prior order, the mother's boyfriend has moved into her household.

Every other weekend, the boyfriend's four children stay at the mother's home, resulting in eight children living under the same roof at least twice a month. The father alleges this has disrupted his children's lives, contributing to his son's disruptive behavior. For purposes of establishing a prima facie case, we assume his allegations are true. The mother's boyfriend now residing in her home is an important new fact unknown at the time of the prior residential responsibility decision. The son's disruptive behavior is also an important new fact.

[¶ 19] The mother argues their son's behavior was known to the family court at the time of the earlier order establishing primary residential responsibility. This contention is supported only by her affidavit. The record does not reflect the court during the divorce proceedings knew of the son's disruptive behavior to the extent alleged by the father. We therefore conclude the father has satisfied the first prong required to establish a prima facie case for an evidentiary hearing to modify primary residential responsibility.

E

[¶ 20] Satisfying the prong that "modification is necessary to serve the best interests of the child" at the prima facie case stage requires a factual showing that *could* justify a finding for the moving party that could be affirmed on appeal. *Wald v. Holmes*, 2013 ND 212, ¶ 5, 839 N.W.2d 820. This is not the time for the district court to judge whether it *would* decide the best-interest factors in favor of the moving party. *Id.* We have explained this principle in previous cases:

A prima facie case does not require facts which, if proved, would mandate a change of [primary residential responsibility] as a matter of law. A prima facie case only requires facts which, if proved at an evidentiary hearing, would support a change of [primary residential responsibility] that could be affirmed if appealed. A prima facie case is only "enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Black's Law Dictionary* 1209 (7th ed. 1999). It is a bare minimum. *Id.* (citations omitted).

[¶ 21] The factors under N.D.C.C. § 14–09–06.2 are considered when analyzing the child's best interests. Modification may be necessary for the child's best interests if the moving party could improve the child's poor behavior. *Forster v. Flaagan*, 2016 ND 12, ¶¶ 13–14, 873 N.W.2d 904; *see Reinecke v. Griffeth*, 533 N.W.2d 695, 698–99 (N.D. 1995).

[¶ 22] The affidavits Thomas Solwey submitted to the district court allege his son displays disruptive behavior in the mother's household. Detailed supporting documentation shows that since the divorce decree, police officers have been called to the home on three separate occasions because of the son's disruptive behavior, and there have been juvenile court proceedings. The son contends he does not fight in the father's home, and evidence shows he does not fight at school. The son's disruptive behavior allegedly occurs only at his mother's home; the father alleges his son does not fight at his home. While the mother argues their son's fighting has stopped and he has received psychological evaluations and counseling, we must accept the father's allegations as true. These allegations, assumed true, implicate the best interest factors under N.D.C.C. § 14–09–06.2(1)(a), (b), (c) and (d), because the allegations suggest disruptions in the child's development and possibly the stability of his home environment. In addition, the father submitted an affidavit by the daughter in which the daughter alleges her mother kicked her out of the

home after an argument; assumed true, this also implicates factors (a), (b), and (d), because the allegation further suggests problems within the home. The evidentiary hearing is a more appropriate setting in which to dispute allegations because it is designed to ascertain the truth behind the moving party's allegations.

[¶ 23] Similarly, the district court discounted the twin daughter's preference to live with her father, finding she lacks maturity, given her having signed conflicting affidavits. This was not the stage for the court to make findings if the evidence is such that a court *could* find a mature preference under N.D.C.C. § 14–09–06.2(1)(i).

[¶ 24] The father has therefore made a sufficient showing that a district court could modify primary residential responsibility for his son's best interests and that the order could be affirmed if appealed.

### F

[¶ 25] We conclude the district court erred in denying an evidentiary hearing on the motion to change primary residential responsibility.

### III

[¶ 26] Thomas Solwey also asks us to disqualify Judge Hovey from hearing this case on remand. He contends Judge Hovey demonstrated bias when he denied the father's motion to modify primary residential responsibility before the ordered mediation was completed.

[¶ 27] Under the North Dakota Code of Judicial Conduct, a judge "shall disqualify in any proceeding in which the judge's impartiality might reasonably be questioned." N.D. Code Jud. Conduct 2.11. "'The law presumes a judge is unbiased and not prejudiced.'" *Woodward v. Woodward*, 2010 ND 143, ¶ 9, 785 N.W.2d 902

(quoting *Farm Credit Bank v. Brakke*, 512 N.W.2d 718, 720 (N.D. 1994)). "'A ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification.'" *Id.*

[¶ 28] Although it appears the court should have waited for the completion of the family mediation, we are not convinced the failure evidences bias. We decline Thomas Solwey's request that we order a different judge on remand.

### IV

[¶ 29] Lastly, Thomas Solwey requests attorney's fees in addition to the statutory award of costs under N.D.R.App.P. 39(a)(3). He does not, however, cite to any authority supporting his request. This Court could award reasonable attorney's fees under N.D.R.App.P. 38 if an appeal is frivolous. But it is his appeal. We decline his request.

### V

[¶ 30] We conclude Thomas Solwey established a prima facie case for modification and was entitled to an evidentiary hearing. We reverse the district court's order and remand for further proceedings.

[¶ 31] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

McEvers, Justice, concurring specially.

[¶ 32] I agree with and have signed the majority opinion. I write separately to point out that parents seeking to modify primary residential responsibility should focus not only on whether a material change in circumstances has occurred, but also by showing how it is in the best

interest of the child to modify primary residential responsibility. Here, the affidavits center primarily on material change, including conclusory references to the best interests of the children, and one citation to N.D.C.C. § 14–09–06.6(6)(a) and (b) with no analysis. The only assertion in the alleged facts that supports a prima facie showing that modification is necessary for the best interests of the children is that C.T.'s unruly behavior does not occur in the father's home. If an affidavit fails to establish a prima facie case that modification of primary residential responsibility is necessary for the best interests of the children, the motion should be denied. *See Schroeder v. Schroeder*, 2014 ND 106, ¶ 22, 846 N.W.2d 716.

[¶ 33] Daniel J. Crothers