VandeWalle, Chief Justice.
 

 [¶ 1] Thomas J. Solwey (Solwey) appealed from a first amended judgment awarding split residential responsibility of his and Lisa D. Solwey/Hilbert's (Hilbert) minor children. We affirm.
 

 I
 

 [¶ 2] Solwey and Hilbert were married on August 8, 1998 and divorced on October 9, 2013. Hilbert was awarded primary residential responsibility of all four children (M.L.S., C.T.S., K.E.S., and K.D.S.). Solwey was ordered to pay $1,247 per month in child support.
 

 [¶ 3] In August 2015, Solwey moved to modify primary residential responsibility. Under the heightened standard for such motions within two years of the previous order, the district court dismissed the motion without an evidentiary hearing for lack of prima facie case.
 
 See
 
 N.D.C.C. § 14-09-06.6(1) and (3). Solwey did not appeal that order.
 

 [¶ 4] In November 2015, Solwey moved to modify primary residential responsibility under N.D.C.C. § 14-09-06.6(4) and (6). The district court again denied for lack of prima facie case. Solwey appealed to this Court and the district court order was reversed and remanded with an order for evidentiary hearing.
 
 See
 

 Solwey v. Solwey
 
 ,
 
 2016 ND 246
 
 ,
 
 888 N.W.2d 756
 
 .
 

 [¶ 5] An evidentiary hearing was held in March 2017. The district court ruled at the outset of the hearing that only C.T.S. and K.E.S. (twins) would be considered under
 
 *693
 
 the motion to modify. Solwey argued the family should be treated as a cohesive unit and therefore K.D.S., the youngest, should also be considered under the motion to modify. The district court ruled this Court's mandate for evidentiary hearing did not apply to K.D.S. The parties mutually agreed M.L.S., who is no longer a minor, would not be considered.
 

 [¶ 6] The first amended judgment was entered in August 2017, awarding Hilbert primary residential responsibility of M.L.S. and K.D.S., awarding Solwey primary residential responsibility of C.T.S., and awarding shared joint equal residential responsibility of K.E.S. The district court ordered that Solwey's new child support obligation of $436 per month commence June 2017.
 

 [¶ 7] Solwey appealed, but only filed a partial transcript of the evidentiary hearing. "If an appeal is taken in a case in which an evidentiary hearing was held, the appellant must order a transcript of the proceedings ... [and] the order for a transcript ... must be filed with the clerk of [the supreme] court with the notice of appeal."
 
 State v. Cook
 
 ,
 
 2014 ND 18
 
 , ¶ 4,
 
 843 N.W.2d 1
 
 (citing N.D.R.App.P. 10(b) ). This Court has said repeatedly: "The appellant assumes the consequences and the risk for the failure to file a complete transcript. If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the issue."
 

 Id.
 

 (citations omitted).
 

 II
 

 [¶ 8] Solwey argues the district court abused its discretion in setting a commencement date for the new child support order nearly two years after he made his motion to modify the divorce decree.
 

 [¶ 9] The standards of review used in child support determinations vary, depending on the issue appealed. "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review."
 
 Jacobs-Raak v. Raak
 
 ,
 
 2016 ND 240
 
 , ¶ 26,
 
 888 N.W.2d 770
 
 (citation omitted).
 

 [¶ 10] This Court has previously summarized its pronouncements on the effective date of child support modification as follows:
 

 The effective date for a modification of child support depends upon the facts of each case. The trial court may make its order modifying child support effective on the date the motion was filed, any date the motion was pending, the date the court issued its order, or some later date. Once a petition to modify support has been filed, interested parties are on notice that the terms of the support obligation may be changed by the court.
 

 The reason for allowing a modification of child support to take effect as of the time of filing was explained in
 
 Gabriel [v. Gabriel ]
 
 , 519 N.W.2d [293,] 295 [ (N.D.1994) ]:
 

 " 'If the order increasing or decreasing the obligation were required to be prospective from the date of its entry, then the party owing the support obligation or the party to whom such obligation is due could by dilatory tactics postpone his obligation to pay increased or decreased support almost indefinitely ....' "
 

 Geinert v. Geinert
 
 ,
 
 2002 ND 135
 
 , ¶ 8,
 
 649 N.W.2d 237
 
 (citation omitted). This Court has previously concluded "in order to effectuate the public policy underlying the guidelines, a modification of child support generally should be made effective from the date of the motion to modify, absent
 
 *694
 
 good reason to set some other date."
 
 Id.
 
 at ¶ 10. The district court retains discretion to set a later effective date, but its reasons for doing so should be apparent or explained.
 
 Id.
 

 [¶ 11] Solwey contends the district court did not provide any explanation for not using the date of filing of the motion for modification. The district court's order provided:
 

 The new child support obligation is effective as of the date of this order. Tom has not filed any motion to modify his support obligation. Modification of primary residential rights and responsibilities does require a court to reexamine child support, but the courts may not retroactively modify support.
 

 [¶ 12] We conclude the district court did not abuse its discretion by setting the commencement for June 2017, nearly two years after Solwey moved to modify the divorce decree, because Solwey did not move to modify his support obligation and the district court adequately explained the reasons for setting the commencement date. Solwey's supporting affidavit explained: "It is my goal to change the Judgment to a 50-50 split of custody or primary residential responsibility, and have the child support amended as per the North Dakota [Child Support] Guidelines." However, Solwey did not move for modification of the child support order. Moreover, the district court explained its bases for the effective date by making findings including: Hilbert has continued to pay for school meals for all four children, C.T.S. eats breakfast at Hilbert's home some days, and Hilbert pays for activity fees and equipment for C.T.S. The district court further explained it would not use the filing date for commencement of the new child support order because ordering retroactive modification of child support is not allowed.
 
 See
 

 Marchus v. Marchus
 
 ,
 
 2006 ND 81
 
 , ¶ 8,
 
 712 N.W.2d 636
 
 (holding a vested child support obligation cannot be retroactively modified, and setting an effective date for a modified child support obligation on a date before a motion to modify is made is an impermissible retroactive modification).
 

 [¶ 13] We conclude it was not an abuse of discretion for the district court to set a prospective commencement date for the new child support order because it was within the district court's discretion to set a date based on the facts of the case, and it adequately explained its reasons for doing so.
 

 III
 

 [¶ 14] Solwey argues the district court abused its discretion when it failed to fully consider the wishes of K.D.S. and refused to let her testify at the evidentiary hearing.
 

 A
 

 [¶ 15] At the outset of the hearing, the district court ruled the evidentiary hearing only applied to the twins, C.T.S. and K.E.S., and it would not consider modifying the residential responsibility of the other two children:
 

 The moving papers reference a material change of circumstance, which it's alleged requires a modification of the custody or the primary residential rights for the twins. I'm going to allow testimony in regards to whether it is in their interest to have residential rights and responsibilities modified. I've seen nothing in the moving papers indicating that a modification is necessary for either the older or the youngest child, so we'll proceed in regards to the twins.
 

 The district court reasoned because Solwey's pleadings referenced particular instances involving the twins, the motion did not apply to all four children. It further
 
 *695
 
 reasoned this Court's opinion in
 
 Solwey v. Solwey
 
 ,
 
 2016 ND 246
 
 ,
 
 888 N.W.2d 756
 
 , remanding the case for evidentiary hearing, was limited to review of the twins, and was not intended to open the evidentiary hearing to consider all of the children. Solwey's alleged prima facie evidence included that Hilbert now has a live-in boyfriend [now husband] with four children, which is eight children under one roof "and this causes endangerment to the children's physical or emotional health or their emotional development." Solwey also alleged C.T.S.'s behavior issues while in Hilbert's home warrant a change in residential responsibility, and K.E.S. was kicked out of Hilbert's house and told "you don't live here anymore!"
 

 [¶ 16] We conclude the district court erred in refusing to consider K.D.S. under the motion to modify. As the district court noted in its April 2016 order denying Solwey's motion for modification of primary residential responsibility, Solwey's motion sought "modification of primary residential responsibility of the four (4) children he has with [Hilbert]." Nevertheless, despite refusing to consider K.D.S. under the motion to modify, the district court did make findings about the best interests of K.D.S. The district court acknowledged, despite its instruction at the outset of the hearing, testimony was presented as to the best interests of all the children, including K.D.S., and, therefore, it made findings as to the best interest of K.D.S.'s primary residential responsibility.
 

 [¶ 17] Although we have concluded the district court erred in refusing to consider all of the minor children under the motion to modify residential responsibility, we do not reverse the district court's custody determination because it remedied the error by considering testimony concerning all of the children and making findings of fact as to each child.
 

 B
 

 [¶ 18] Solwey argues the district court erred in denying K.D.S. the opportunity to testify regarding her preference under N.D.C.C. § 14-09-06.2(1)(i). Solwey argues the district court erred in failing to at least interview K.D.S. to assess her degree of maturity, intelligence, understanding, and experience as to preference. Solwey contends this Court should extend a bright-line rule that all children, regardless of age, should be given an in-chambers interview to assess their ability to testify to custodial preference. We decline to do so.
 

 [¶ 19] Factor (i) provides:
 

 If the court finds by clear and convincing evidence that a child is of sufficient maturity to make a sound judgment, the court may give substantial weight to the preference of the mature child. The court also shall give due consideration to other factors that may have affected the child's preference, including whether the child's preference was based on undesirable or improper influences.
 

 N.D.C.C. § 14-09-06.2(1)(i).
 

 [¶ 20] "The maturity of the child is a factually driven issue and will depend on the facts and circumstances of the case."
 
 Frueh v. Frueh
 
 ,
 
 2009 ND 155
 
 , ¶ 16,
 
 771 N.W.2d 593
 
 . "Under the clearly erroneous standard of review, we do not reassess evidence or the witnesses' credibility or retry a custody case, and we do not substitute our judgment for a district court's decision merely because we might have reached a different result."
 

 Id.
 

 "On appeal, the complaining party bears the burden of proving a finding of fact is clearly erroneous."
 

 Id.
 

 [¶ 21] In
 
 Reineke
 
 , we concluded it was an abuse of discretion to refuse letting the children, ages fourteen and seventeen, testify
 
 *696
 
 without assessing whether the children were of sufficient intelligence, understanding, and experience to express a preference.
 
 Reineke v. Reineke
 
 ,
 
 2003 ND 167
 
 , ¶¶ 16-18,
 
 670 N.W.2d 841
 
 .
 

 We have recognized there is a legislative policy that children of sufficient age and maturity "can and do make significant decisions in their lives, which courts must consider in determining children's custody preferences, and in making custody decisions." We have also observed that, "[a]lthough age is not the exclusive indicator of a child's maturity and capacity to make an intelligent choice, generally, a child's preference is entitled to more weight as he or she grows older."
 

 Clark v. Clark
 
 ,
 
 2006 ND 182
 
 , ¶ 12,
 
 721 N.W.2d 6
 
 (citations omitted).
 

 [¶ 22] Alternatively, in
 
 Hammeren
 
 , we held it was not an abuse of discretion to refuse letting a child, age ten, testify without assessing whether the child is of sufficient intelligence, understanding, and experience to express a preference, because the father did not make a sufficient offer of proof as to the testimony of the child.
 
 Hammeren v. Hammeren
 
 ,
 
 2012 ND 225
 
 , ¶¶ 18-22,
 
 823 N.W.2d 482
 
 .
 

 [¶ 23] "[A] trial court has wide discretion regarding the examination of witnesses, and, under appropriate circumstances, a court may refuse to allow a witness to testify."
 
 Reineke
 
 ,
 
 2003 ND 167
 
 , ¶ 16,
 
 670 N.W.2d 841
 
 (citation omitted). Under N.D.R.Civ.P. 61, no error in admitting or excluding evidence is ground for granting a new trial or otherwise disturbing a judgment or order.
 

 [¶ 24] At trial, Solwey argued K.D.S. is a smart, nine-year old girl with a mind of her own, she is a straight-A student, and speaks her mind. However, Solwey failed to make a sufficient offer of proof or provide other evidence as to her maturity, judgment, or ability to testify to her preference. Based on the testimony presented during trial, the district court found "K.D.S. is too young to express a valid preference and the testimony from other witnesses shows that she is not sufficiently mature to testify."
 

 [¶ 25] "We have said that without evidence in the record or a sufficient offer of proof, we are unable to review whether exclusion of the evidence was prejudicial."
 
 Hammeren
 
 ,
 
 2012 ND 225
 
 , ¶ 22,
 
 823 N.W.2d 482
 
 . Accordingly, because we do not have the benefit of a transcript to review the testimony heard by the district court, we conclude Solwey failed to meet his burden of proving the court's findings about K.D.S.'s maturity are clearly erroneous, and we are not left with a definite and firm conviction a mistake has been made.
 

 IV
 

 [¶ 26] We affirm the first amended judgment awarding residential responsibility of Solwey and Hilbert's minor children and setting a commencement date for June 2017 for the new child support order.
 

 [¶ 27] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte