# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 149

| | |
|---|---|
| James F. Klundt, | Plaintiff and Appellee |
| v. | |
| Rebecca L. Benjamin, | Defendant and Appellant |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

### No. 20210048

Appeal from the District Court of Bottineau County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Erin M. Conroy, Bottineau, ND, for plaintiff and appellee.

Kyle R. Craig, Minot, ND, for defendant and appellant.

**VandeWalle, Justice.**

[¶1]   Rebecca Benjamin appealed from an order denying her motions for interim relief and to modify primary residential responsibility. We affirm, concluding the district court did not err in determining Benjamin had not established a prima facie case warranting an evidentiary hearing.

I

[¶2]   Benjamin and James Klundt have one child together, born in 2012. In September 2018, Klundt was awarded primary residential responsibility, and Benjamin was awarded parenting time. At the time of the 2018 judgment, Klundt and the child lived in Newburg, North Dakota, and Benjamin lived in Michigan.

[¶3]   In December 2020, Benjamin moved for an interim order under N.D.R.Ct. 8.2(b), and moved to modify residential responsibility under N.D.C.C. § 14-09-06.6 and N.D.R.Ct. 3.2. She requested primary residential responsibility of the child. In Benjamin's affidavit supporting her motions, she stated she moved to North Dakota in April 2019, and she lived approximately eighteen miles away from the child, which allowed them to spend more time together. She stated that in late November 2020, Klundt and the child moved to Bismarck. She claimed her move to North Dakota and Klundt's move to Bismarck was a material change in circumstances warranting a change in primary residential responsibility.

[¶4]   The district court denied Benjamin's motions, concluding she had not established a prima facie case warranting an evidentiary hearing. The court determined the original judgment allowed Klundt to move within the state, and even if Benjamin's allegations were undisputed, they were "insufficient on their face to justify modification."

## II

[¶5] Benjamin argues the district court erred in concluding she had not established a prima facie case warranting an evidentiary hearing.

[¶6] Under N.D.C.C. § 14-09-06.6(4), the district court must deny a motion to modify primary residential responsibility unless the court finds the moving party has established a prima facie case justifying a modification. We have expounded our analysis of a motion to modify primary residential responsibility:

> Under N.D.C.C. § 14-09-06.6(6)(a), we have explained that a "material change in circumstances" is an important new fact that was unknown at the time of the prior custody decision. The party moving for a change of primary residential responsibility has the burden of establishing a prima facie case under N.D.C.C. § 14-09-06.6(4) to justify modification before the party is entitled to an evidentiary hearing. Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo.
>
> We have explained that a prima facie case requires only enough evidence to permit a factfinder to infer the fact at issue and rule in the moving party's favor. A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts.

*Johnshoy v. Johnshoy*, 2021 ND 108, ¶ 5, 961 N.W.2d 282 (quoting *Solwey v. Solwey*, 2016 ND 246, ¶ 11, 888 N.W.2d 756).

[¶7] When more than two years have passed since an order establishing primary residential responsibility, a prima facie case consists of facts sufficient to support a finding of a material change in circumstances and that a change

in residential responsibility is necessary to serve the best interests of the child. N.D.C.C. § 14-09-06.6(6). A "material change in circumstances" under N.D.C.C. § 14-09-06.6(6)(a) is an important new fact that was unknown at the time of the earlier decision on primary residential responsibility. *Solwey*, 2016 ND 246, ¶ 11.

[¶8] To satisfy the second part of N.D.C.C. § 14-09-06.6(6), i.e., that a modification is necessary to serve the best interests of the child at the prima facie case stage "requires a factual showing that could justify a finding for the moving party that could be affirmed on appeal." *Solwey*, 2016 ND 246, ¶ 20. "A prima facie case justifying a modification of primary residential responsibility and, therefore, an evidentiary hearing, is established by a material change in circumstances 'which either "requires" a change of custody for the child's best interests or "fosters" or "serves" the child's best interests.'" *Johnshoy*, 2021 ND 108, ¶ 9 (quoting *Schroeder v. Schroeder*, 2014 ND 106, ¶ 7, 846 N.W.2d 716). "There must be a showing that the change in circumstances has adversely affected the children." *Johnshoy*, at ¶ 9.

[¶9] Benjamin's affidavit states that since the 2018 judgment establishing primary residential responsibility, her circumstances have improved because she has been living in North Dakota since April 2019. She stated she and her other children have developed a closer bond with the parties' child since moving back to North Dakota. She stated she received a notification in September 2020 from a school counselor indicating the child was "having a hard time in school." Benjamin's affidavit states Klundt has struggled to hold down a job, and a move to Bismarck would have a negative effect on the child. Her affidavit states, "I am worried about [the child] moving to a new city and a new school where he is not familiar with anything or anyone. I don't believe this move would benefit my son in any way."

[¶10] In response, Klundt's affidavit stated he lost his job in Newburg due to Covid-19. Klundt stated Bismarck provided more employment opportunities for him, and he believed the move was best for the child.

3

[¶11] Benjamin claims a material change in circumstances occurred and modification of primary residential responsibility is necessary because her circumstances have improved, and Klundt's circumstances have declined. *See Johnshoy*, 2021 ND 108, ¶ 7 (stating improvements in a non-custodial parent's situation along with a decline in the children's circumstances with the custodial parent over the same time may constitute a material change in circumstances). In *Johnshoy*, at ¶ 13, we addressed a situation similar to the one presented by Benjamin:

> "[T]o establish a prima facie case that modification is necessary to serve the best interests of the children requires more than the improved circumstances of the party moving to modify primary residential responsibility." *Schroeder*, 2014 ND 106, ¶ 21, 846 N.W.2d 716. Fry's affidavit does not provide facts showing how the change in circumstances has affected the children. She has not provided evidence that the children have suffered physical or emotional harm. She has provided no evidence that the change in circumstances has prevented Johnshoy from providing the children with nurture, love, affection, and guidance. She does not allege that the children's developmental or educational needs are not being met by Johnshoy. While Fry has provided facts, which if proved, would show an improvement in her situation, she has not provided facts that would show a decline in the condition of the children with Johnshoy over the same period. Fry's affidavit fails to show how a change in custody is necessary to serve the best interests of the children and thus fails to establish a prima facie case for modification of primary residential responsibility.

[¶12] Even if we assume Benjamin's affidavit established a material change in circumstances, we conclude Benjamin has not demonstrated that modification of primary residential responsibility is necessary to serve the child's best interests. Although Benjamin noted one instance showing the child was having a hard time at school, she has not otherwise established that Klundt has failed to meet the child's educational needs. Benjamin's affidavit stated she was worried the move to Bismarck may not benefit the child; however, she has not provided facts showing how the move has had an adverse impact on the child. Benjamin has not established a prima facie case for modification of primary

4

residential responsibility because she has failed to show how a change is necessary to serve the best interests of the child.

[¶13] We conclude the district court did not err in concluding Benjamin failed to establish a prima facie case for modification of primary residential responsibility.

## III

[¶14] Klundt's remaining arguments are either without merit or not necessary to our decision. The order is affirmed.

[¶15] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte