# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2021 ND 234

Laura Kay Heggem,                                          Plaintiff and Appellee

v.

Terje Gunnar Heggem,                                    Defendant and Appellant

No. 20210212

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Per Curiam.

Amy M. Clark, Wahpeton, ND, for plaintiff and appellee.

Erica L. Chisholm, Wahpeton, ND, for defendant and appellant.

**Per curiam.**

[¶1]   Terje Heggem appeals from a district court order denying his motions to modify residential responsibility, for interim relief and to enforce the judgment. We summarily affirm.

[¶2]   Terje Heggem and Laura Heggem divorced in 2015, and Laura Heggem was awarded primary residential responsibility of the parties' child. In February 2021, Terje Heggem moved to modify residential responsibility, for interim relief and to enforce the divorce judgment. He claimed that since the original judgment, a material change in circumstances occurred when Laura Heggem and the child moved from Breckenridge, MN, to Frazee, MN, to live with Laura Heggem's fiancé. Terje Heggem argued the move was not in the child's best interests.

[¶3]   The district court denied Terje Heggem's motions without a hearing, concluding he had not established a prima facie case. The court determined a material change in circumstances did not occur because the stipulated divorce judgment allowed Laura Heggem to relocate within Minnesota with the child. The court also determined Terje Heggem failed to demonstrate how Laura Heggem's new relationship adversely affected the child.

[¶4]   To establish a prima facie case justifying a modification of primary residential responsibility, a movant must show there has been a material change in circumstances and "the change in circumstances has adversely affected the children." *Klundt v. Benjamin*, 2021 ND 149, ¶ 8, 963 N.W.2d 278; *Johnshoy v. Johnshoy*, 2021 ND 108, ¶ 9, 961 N.W.2d 282. In *Klundt*, at ¶ 12, the movant did not establish a prima facie case because she failed to show how a modification was necessary to serve the best interests of the child. *See also Johnshoy*, at ¶¶ 13-14. Terje Heggem has not shown how a change in residential responsibility is necessary to serve the best interests of the child and has failed to establish a prima facie case for modification of primary residential responsibility. We summarily affirm under N.D.R.App.P. 35.1(a)(7).

[¶5]    Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte