# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 148

Lisa Marie Schoenberg,                                    Plaintiff and Appellant

v.

Joshua Wayne Schoenberg,                                 Defendant and Appellee

### No. 20240044

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Jerilynn B. Adams, Fargo, ND, for plaintiff and appellant.

Jason W. McLean, West Fargo, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]    Lisa Schoenberg appeals from orders denying her motions to modify residential responsibility and for reconsideration. She argues the district court erred in concluding she failed to establish a prima facie case and in striking a declaration and exhibit. We affirm.

I

[¶2]    Lisa Schoenberg and Joshua Schoenberg are the parents of two minor children, L.J.S. (born in 2010) and L.A.S. (born in 2012). The parties divorced in 2017 and agreed to share joint and equal residential responsibility of their children. The district court entered judgment, awarding joint and equal residential responsibility.

[¶3]    In November 2023, Lisa Schoenberg moved to modify residential responsibility, requesting primary residential responsibility of their children. In support of her motion, she filed a declaration from herself, exhibits, and a declaration from an attorney, who was retained by Lisa Schoenberg to interview the children. Attached to the attorney's declaration is a letter from the attorney, containing statements purportedly made by the children while being interviewed and her opinions of those statements and the parenting schedule. Joshua Schoenberg opposed the motion, asserting Lisa Schoenberg failed to establish a prima facie case warranting an evidentiary hearing, and objected to the attorney's declaration and letter for containing hearsay, not within an exception, and moved to strike.

[¶4]    The district court struck the attorney's declaration and letter, and denied Lisa Schoenberg's motion to modify residential responsibility, concluding she failed to establish a prima facie case. Lisa Schoenberg moved for reconsideration. The court denied the motion for reconsideration.

II

[¶5]    Lisa Schoenberg argues the district court erred in striking the attorney's declaration and letter. We review a court's decision to exclude evidence or strike a declaration for an abuse of discretion. *In re J.S.L.*, 2009 ND 43, ¶ 18, 763 N.W.2d 783; *Buchholz v. Buchholz*, 2022 ND 203, ¶ 32, 982 N.W.2d 275.

[¶6]     The district court struck the attorney's declaration and letter because she was not a neutral parenting investigator in this case. The court did not appoint her; she was retained by Lisa Schoenberg. The attorney did not contact or speak with Joshua Schoenberg before forming her opinions. The court concluded the letter contained hearsay and the residual exception to the hearsay rule did not apply.

[¶7]     Lisa Schoenberg concedes the letter contains hearsay, but argues the court erred in concluding the residual exception does not apply. Under N.D.R.Ev. 807(a), a hearsay statement is admissible if:

> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Lisa Schoenberg contends the letter summarizing the attorney's interviews with the children provides "the best evidence of parenting issues and preference directly from the children," and her training as a parenting investigator and status as an attorney sufficiently guarantees trustworthiness. Citing *Solwey v. Solwey*, 2016 ND 246, 888 N.W.2d 756, Lisa Schoenberg asserts that requesting declarations from children of 13 and 11 years of age is not preferred.

[¶8]     In *Solwey*, we concluded that "if the moving party submits an affidavit and the non-moving party submits a subsequent affidavit by the same person that conflicts with the first affidavit, a district court must disregard any conflicting allegations in the subsequent affidavit for purposes of deciding whether a prima facie showing has been made." 2016 ND 246, ¶ 15. The issue concerned multiple, conflicting affidavits from children. *Id.* at ¶¶ 12-15. Here, no affidavits or declarations from the children were submitted.

[¶9]     *Solwey* does not stand for the proposition that a declaration from a child is not preferred. To the contrary, our precedent, including *Solwey*, 2016 ND 246, ¶ 15, holds that a court should consider the affidavit or declaration of a mature child submitted in support of the motion for modification. *See also Johnshoy v. Johnshoy*, 2021 ND 108, ¶¶ 11-12, 961 N.W.2d 282. Although "[t]he court should consider a mature child's preference only if there are persuasive reasons for that preference," *Johnshoy*, at ¶ 12, we have not held that a mature child's affidavit or declaration expressing his preference is less probative than

any other form of evidence. To the extent that Lisa Schoenberg asks this Court to do so today, we decline. We conclude Lisa Schoenberg has failed to show that the attorney's letter containing hearsay statements from the children is more probative than affidavits or declarations from the children, or that the affidavits or declarations could not have been obtained through reasonable efforts. Because N.D.R.Ev. 807(a)(2) has not been satisfied, we need not determine whether the hearsay statements are supported by sufficient guarantees of trustworthiness under N.D.R.Ev. 807(a)(1). We conclude the district court did not abuse its discretion in striking the declaration and letter.

### III

[¶10] Lisa Schoenberg argues the district court erred in concluding she failed to establish a prima facie case for modification. "Whether a party has established a prima facie case for a change of primary residential responsibility is a question of law which this Court reviews de novo." *Johnshoy*, 2021 ND 108, ¶ 5.

> We have explained that a prima facie case requires only enough evidence to permit a factfinder to infer the fact at issue and rule in the moving party's favor. A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge. Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts.

*Id.* Because more than two years have passed since the court entered judgment establishing residential responsibility, "a prima facie case consists of factual allegations sufficient to support a finding of a material change in circumstances and that a change is necessary to serve the best interests of the child." *Id.* at ¶ 7 (citing N.D.C.C. § 14-09-06.6(6)). "A 'material change' is an 'important new fact that was unknown at the time of the prior custody decision.'" *Id.* The changed circumstances must have adversely affected the child, or there must have been a general decline in the condition of the child. *Kunz v. Slappy*, 2021 ND 186, ¶¶ 25, 28, 965 N.W.2d 408; *Johnshoy*, at ¶¶ 9, 13.

3

A

[¶11]   Lisa Schoenberg argues the material changes in circumstances include counseling, a decline in the children's mental health, the children's preference to live with their mother, and both parties moving in with their significant others. Because Lisa Schoenberg's argument regarding the children's preference to live with her is based on the hearsay statements in the struck letter, or other hearsay statements from the children as discussed below, that argument is unsupported and therefore rejected. However, "[a] parent moving in with her significant other may be viewed as a significant change of circumstances." *Solwey*, 2016 ND 246, ¶ 17. In *Solwey*, we concluded the father satisfied the material change in circumstances prong where the mother's boyfriend moved into her household, noting "[e]very other weekend, the boyfriend's four children stay at the mother's home, resulting in eight children living under the same roof at least twice a month." *Id.* at ¶ 18. The father alleged this had "disrupted his children's lives, contributing to his son's disruptive behavior." *Id.* We reasoned the boyfriend's move and the son's disruptive behavior were "important new fact[s]." *Id.*

[¶12]   Lisa Schoenberg stated in her declaration that Joshua Schoenberg's significant other moved into his home in 2020. This move is an important new fact that has arisen since the judgment was entered in 2017. Lisa Schoenberg also alleged that the children attended counseling at Abound Counseling from fall 2019 to fall 2020 to help them cope with the transitions between houses and to "deal with the sadness the children feel when transitioning to Josh's house and while at Josh's house." She states that the younger child, L.A.S., attended counseling with a different provider, Village Family Service Center (the "Village"), starting in February 2023. The Village diagnosed L.A.S. with "Other specified anxiety disorders" and noted he "experiences anxiety and sadness in transitioning homes and other contexts." These counseling sessions occurred after judgment and are important new facts. We conclude that Lisa Schoenberg has satisfied the material change in circumstances prong required to establish a prima facie case for an evidentiary hearing to modify residential responsibility.

B

[¶13]   Lisa Schoenberg argues she has also made a prima facie showing under the second prong, N.D.C.C. § 14-09-06.6(6)(b), demonstrating the "modification is necessary to serve the best interests of the child." As noted, the changed circumstances must adversely affect

the child or there must have been a general decline in the condition of the child. *Kunz*, 2021 ND 186, ¶¶ 25, 28.

[¶14] To begin, we must determine what information in Lisa Schoenberg's declaration and attached exhibits is competent, first-hand knowledge. The district court concluded that Lisa Schoenberg's declaration "contains many references of alleged statements made by the children, counselors, teachers, or others, but she does not provide competent evidence" through declarations or sworn statements by these individuals. We agree. Statements allegedly made by the children, school teachers and counselors, and Lisa Schoenberg's mother are hearsay, not within an exception, and therefore not competent, first-hand knowledge of Lisa Schoenberg. Neither party challenges the admission of the Village intake forms and treatment reports, which both parties attached to their declarations. Accordingly, we will consider the Village intake forms and treatment reports.

[¶15] Within her personal knowledge, Lisa Schoenberg alleged incidents where the children cried and were anxious, upset, and sad. She alleged these emotional responses were due to transitioning to Joshua Schoenberg's house and while at his house. As stated above, the Village diagnosed L.A.S. with "Other specified anxiety disorders" and noted that he "experiences anxiety and sadness in transitioning homes and other contexts." Lisa Schoenberg points out that the Village intake form asked, "Do you have any of the following safety/risk concerns regarding the child/minor?" The box stating "Dangerous behaviors to self" was marked.

[¶16] Joshua Schoenberg notes that the first page of the Village intake form indicates he was not given the opportunity to participate initially, although he has subsequently participated. He also highlights the more recent November 2023 update to the Village treatment plan, which states that L.A.S. "reports his overall anxiety is decreased, though his discomfort is still high, indicating services are still necessary." To the extent Lisa Schoenberg alleges L.A.S.'s anxiety was getting worse at the time of the modification motion, we conclude this more recent treatment report disproves any such allegation. *See Solwey*, 2016 ND 246, ¶ 11 (accepting opposing party's counter-affidavit when it "conclusively show[s] the allegations of the moving party have no credibility"). Other than conclusory statements, Lisa Schoenberg has failed to provide evidentiary support showing that L.A.S.'s anxiety stems from living with his father, as opposed to transitioning homes in general. Further, although "Dangerous behaviors to self" was marked on the Village's initial intake form for L.A.S. in March 2023, Lisa Schoenberg has not alleged why that assertion was made or that any such behavior had occurred within her personal knowledge,

nor has she provided evidentiary support that links the "behaviors" to the change in circumstances.

[¶17] Lisa Schoenberg has failed to show the changed circumstances—counseling or Joshua Schoenberg's significant other moving in—has adversely affected the children. Specifically, she has not alleged facts showing his significant other has been a negative influence in the children's lives or the children's mental health has suffered under his parenting or living in his home. Nor has Lisa Schoenberg shown there has been a general decline in the condition of the children. L.J.S. no longer attends counseling, and although L.A.S. continues counseling, he has reported his overall anxiety has decreased. We conclude that Lisa Schoenberg has failed to make a prima facie case under the second prong.

[¶18] We conclude the district court did not err in concluding Lisa Schoenberg failed to establish a prima facie case for modification of residential responsibility.

IV

[¶19] The orders denying Lisa Schoenberg's motions to modify residential responsibility and for reconsideration are affirmed.

[¶20] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr