2017 ND 291

**In the MATTER OF the Emelia HIRSCH, June 9, 1994, Irrevocable Trust**

**Timothy Betz, Respondent and Appellant**

v.

**Emelia A. Hirsch, aka Emelia Hirsch, aka Emilia Hirsch, Petitioner**

and

**Carolyn Twite and Duane Hirsch, Petitioners and Appellees**

No. 20170195

Supreme Court of North Dakota.

Filed 12/13/2017

Rehearing Denied Jan. 26, 2018.

Timothy Betz, self-represented, Fayetteville, North Carolina, respondent and appellant; on brief.

Sheldon A. Smith, David J. Smith, and Tyler J. Malm, Bismarck, North Dakota, for appellees; on brief.

Tufte, Justice.

[¶1] Timothy Betz appeals from a district court order under N.D. Sup. Ct. Admin. R. 58, prohibiting him from filing any new litigation or documents in existing litigation without first obtaining leave of court. Because we conclude the court did not abuse its discretion in entering the order, we affirm.

I

[¶2] In 1994, the Emelia Hirsch June 9, 1994, Irrevocable Trust was created. Trust beneficiaries were Emelia Hirsch's three children and ten grandchildren, including Betz. In 2003, Emelia Hirsch requested the district court to dissolve the trust. In 2008, after protracted litigation, the district court entered an order reforming the trust from an irrevocable trust to a revocable trust, which this Court affirmed on appeal. *Matter of Emelia Hirsch Trust*, 2009 ND 135, 770 N.W.2d 225. Betz has since continued litigation relating to the trust. *See Matter of Emelia Hirsch Trust*, 2016 ND 217, 888 N.W.2d 205; *Matter of Emelia Hirsch Trust*, 2014 ND 135, 848 N.W.2d 719; *Matter of Emelia Hirsch Trust*, 2013 ND 63, 832 N.W.2d 334.

[¶3] In February 2017, Betz moved the district court to reopen the case and moved to immediately vacate the 2008 order. On February 23, 2017, the district court filed a notice stating the case had been resolved, it would not be reopened,

and no further order would be entered. Although Betz filed an objection to the court's notice and again requested the case be reopened, no appeal was taken from the court's February 2017 denial. In March 2017, Carolyn Twite and Duane Hirsch ("the co-trustees") moved the court seeking a pre-filing order against Betz under N.D. Sup. Ct. Admin. R. 58, which addresses vexatious litigation. Betz opposed the motion. In April 2017, after a hearing, the presiding judge issued a notice of proposed findings and order. Betz filed a response in opposition to the proposed findings and order.

[¶4] On April 24, 2017, the district court presiding judge entered an order under N.D. Sup. Ct. Admin. R. 58, finding that Betz is a vexatious litigant. The order prohibits him from filing any new litigation or any new documents in existing litigation in the state courts as a self-represented party without first obtaining leave of court where the litigation is proposed to be filed. The order also provides that Betz may file an application seeking leave to file documents. On May 25, 2017, Betz appealed from the April 2017 pre-filing order.

II

[¶5] This Court adopted N.D. Sup. Ct. Admin. R. 58, effective March 1, 2017, to address "vexatious litigation, which impedes the proper functioning of the courts, while protecting reasonable access to the courts." *Everett v. State*, 2017 ND 93, ¶3 n.1, 892 N.W.2d 898 (quoting N.D. Sup. Ct. Admin. R. 58(1)).[1] Rule 58(2)(b), N.D. Sup. Ct. Admin. R., defines "vexatious litigant" as "a person who habitually, persistently,

1. We note Rule 58 was amended June 21, 2017, to add that "[a] pre-filing order entered under this rule supercedes any other order limiting or enjoining a person's ability to file or serve papers or pleadings in any North Dakota State court litigation." N.D. Sup. Ct. Admin. R. 58(10).

and without reasonable grounds engages in conduct" that:

(1) serves primarily to harass or maliciously injure another party in litigation;

(2) is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law;

(3) is imposed solely for delay;

(4) hinders the effective administration of justice;

(5) imposes an unacceptable burden on judicial personnel and resources; or

(6) impedes the normal and essential functioning of the judicial process.

Under N.D. Sup. Ct. Admin. R. 58(3)(a), "[t]he presiding judge may enter a pre-filing order prohibiting a vexatious litigant from filing any new litigation or any new documents in existing litigation in the courts of this state as a self-represented party without first obtaining leave of a judge of the court in the district where the litigation is proposed to be filed."

[¶ 6] Rule 58(4), N.D. Sup. Ct. Admin. R., provides:

A presiding judge may find a person to be a vexatious litigant based on a finding that:

(a) in the immediately preceding seven-year period the person has commenced, prosecuted or maintained as a self-represented party at least three litigations, other than in small claims court, that have been finally determined adversely to that person; or

(b) after a litigation has been finally determined against the person, the person has repeatedly relitigated or attempted to relitigate, as a self-represented party, either

(1) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or

(2) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined; or

(c) in any litigation while acting as a self-represented party, the person repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary burden, expense or delay; or

(d) the person has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding.

[¶ 7] Rule 58(6), N.D. Sup. Ct. Admin. R., provides the court's pre-filing order is appealable under N.D.C.C. § 28-27-02 and N.D.R.App.P. 4.

[¶ 8] We have generally reviewed district court orders enjoining certain future litigation for an abuse of discretion. *See Holkesvig v. Grove*, 2014 ND 57, ¶ 7, 844 N.W.2d 557; *Holkesvig v. Welte*, 2012 ND 142, ¶ 6, 818 N.W.2d 760; *Federal Land Bank v. Ziebarth*, 520 N.W.2d 51, 56 (N.D. 1994). Similarly, N.D. Sup. Ct. Admin. R. 58 provides the court's presiding judge "may" find a person a vexatious litigant upon the requisite finding and "may" enter a pre-filing order enjoining a vexatious litigant from further filings without leave of court. "The use of the word 'may' is permissive and indicates it is a matter of discretion." *Bernhardt v. Bernhardt*, 1997 ND 80, ¶ 9, 561 N.W.2d 656 (citing *Matter of Adoption of K.S.H.*, 442

N.W.2d 417, 420 (N.D. 1989)). A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Grove*, at ¶ 8; *Bernhardt*, at ¶ 9.

## III

[¶ 9] Betz argues the district court erred in issuing the order under N.D. Sup. Ct. Admin. R. 58, asserting the court's pre-filing findings and order are based on incomplete facts and inaccurate findings. Betz also raises several other issues in this appeal seeking relief from the 2008 order reforming the trust and claiming the court erred in ignoring new evidence that irrevocable trust tax issues had not been resolved. The co-trustees respond that the court did not abuse its discretion by issuing the Rule 58 pre-filing order and that Betz's remaining issues have already been decided by previous appellate decisions and are precluded as a matter of law.

[¶ 10] Here, the district court followed the specified procedure in N.D. Sup. Ct. Admin. R. 58 and specifically found Betz is a "vexatious litigant":

1. Mr. Betz is a vexatious litigant in that he has persistently and without reasonable grounds filed motions and requests not warranted under existing law and which cannot be supported by any good faith argument. His actions have served primarily to harass or injure other parties to litigation. Mr. Betz's actions have imposed an unacceptable burden on other parties and judicial personnel and resources.

2. After litigation concerning the Emelia Hirsch Trust was finally determined, Mr. Betz has repeatedly re-litigated or attempted to re-litigate the matter as a self-represented party against the same parties as to whom the litigation was determined.

3. Mr. Betz, acting as a self-represented party, has repeatedly filed unmeritorious motions, pleadings, or other papers and has engaged in tactics which are frivolous and solely intended to cause unnecessary burden.

[¶ 11] In supporting these findings, the district court made additional findings of fact that identified voluminous documents, motions, and requests in both this case and in probate proceedings in Hettinger County concerning the Estate of Emelia Hirsch. The court also made specific findings regarding the attorney fees and costs Betz has previously been ordered to pay in the district court and in his prior appeals. The court further noted its denial of Betz's February 2017 motions to reopen the case and vacate the 2008 order. We conclude these findings support its ultimate finding that Betz is a "vexatious litigant" under N.D. Sup. Ct. Admin. R. 58, justifying entry of the pre-filing order.

[¶ 12] On the basis of this record, we conclude the district court did not act arbitrarily, unconscionably, or unreasonably and did not misinterpret or misapply the law, and its decision was the product of a rational mental process leading to a reasoned determination. We therefore conclude the court did not abuse its discretion in entering the April 2017 pre-filing order.

[¶ 13] To the extent Betz's other issues seek relief from the district court's 2008 order reforming the trust and claim the court erred in ignoring "new evidence" that irrevocable trust tax issues had not been resolved, we note Betz only appealed from the April 2017 pre-filing order in his May 2017 notice of appeal. In the district court's earlier February 2017 notice, the district court substantively ordered his motions to reopen this case and to vacate

the 2008 order be denied. We have said that "[t]he substance of the court's ruling, rather than the label or form used, is controlling" in deciding a ruling's finality for purposes of appeal. *See Ennis v. Williams Cty. Bd. of Comm'rs*, 493 N.W.2d 675, 677-78 (N.D. 1992). While Betz filed an objection in the district court, he did not appeal the court's denial of his motions at that time. He is therefore precluded from attempting to raise issues challenging the court's denial of his February 2017 motions in this appeal from the April 2017 pre-filing order. *Cf. Sturdevant v. SAE Warehouse, Inc.*, 310 N.W.2d 749, 752 (N.D. 1981) ("An appeal from a trial court's refusal to vacate an order under Rule 60(b), N.D.R.Civ.P., does not permit the appellant to attack the underlying order from which an appeal could have been, but was not, brought.").

## IV

[¶ 14] The co-trustees have requested recovery of their attorney fees and costs for this appeal. *See* N.D.R.App.P. 38, 39. As we explained in *Podrygula v. Bray*, 2014 ND 226, ¶ 23, 856 N.W.2d 791:

> Rule 38, N.D.R.App.P., authorizes this Court to award "just damages and single or double costs including reasonable attorney's fees" if the Court determines an appeal is frivolous. *United Bank of Bismarck v. Young*, 401 N.W.2d 517, 518 (N.D. 1987). "An appeal is frivolous when it is flagrantly groundless." *Nissen v. City of Fargo*, 338 N.W.2d 655, 658 (N.D. 1983). "Where the appellant's arguments are both factually and legally so devoid of merit that he should have been aware of the impossibility of success on appeal, an assessment of costs and attorney fees is proper." *United Bank*, 401 N.W.2d at 518. This Court has also stated, when a party seeks more than a token amount of attorney

fees, an affidavit documenting the work performed should accompany the request. *Gibb v. Sepe*, 2004 ND 227, ¶ 13, 690 N.W.2d 230.

[¶ 15] Here, the co-trustees commenced the present proceedings by moving the district court for a pre-filing order under N.D. Sup. Ct. Admin. R. 58. Rule 58(6) specifically provides the court's pre-filing order is appealable under N.D.C.C. § 28-27-02 and N.D.R.App.P. 4. Betz's appeal of the pre-filing order, therefore, was not frivolous, and we decline to award the co-trustees their request for attorney fees. However, Betz also raised additional issues and arguments in this appeal unrelated to the present proceedings under N.D. Sup. Ct. Admin. R. 58, to which the co-trustees were required to respond. We therefore award the co-trustees double costs for this appeal.

## V

[¶ 16] We have considered Betz's remaining arguments and conclude they are either without merit or unnecessary to our decision. The order is affirmed.

[¶ 17] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Gerald W. VandeWalle, C.J.

Steven L. Marquart, D.J.

[¶ 18] The Honorable Steven L. Marquart, D.J., sitting in place of Jensen, J., disqualified.