# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 48

Eric N. Smith,                                                    Plaintiff and Appellant

v.

Emily R. Erickson,                                                          Defendant
and
State of North Dakota,                              Statutory Real Party in Interest

No. 20180124

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Eric N. Smith, plaintiff and appellant.

**Crothers, Justice.**

[¶1]    Eric Smith appeals from district court orders and judgment related to child custody, dismissal of motions for contempt and the court finding him a vexatious litigant. We affirm, concluding the district court did not err in its orders and judgment regarding parenting responsibility, contempt and finding Smith a vexatious litigant.

I

[¶2]    Smith and Erickson are the biological parents of a child born in 2014. On November 18, 2015, Smith commenced an action to determine primary residential responsibility, decision-making authority and child support. The first judgment was entered on January 8, 2016. Smith has represented himself since the district court entered the initial order. From January 2016 to date, over four-hundred docket entries appear, including seven motions for contempt by Smith against Erickson or her attorney, two requests for review by the district court, and several letters and communications from Smith to the referees or judges assigned to the matter. On January 5, 2018, a referee issued findings of fact, conclusions of law and an order for amended judgment granting Erickson primary residential responsibility and decision-making authority over the child. Smith requested review by a district court judge. On January 26, 2018, the district court adopted the referee's findings and order.

[¶3]    On February 28, 2018, the district court found Smith in contempt for non-payment of child support and issued an order with amended findings. On March 29, 2018, Smith filed a notice of appeal from the "final judgment issued on March 16, 2018." No orders or judgments exist for that date. On April 23, 2018, the district court issued an order finding Smith a vexatious litigant and prohibiting him from filing new documents in the case without leave of court. Smith filed three additional notices of appeal, in total citing to seven separate orders and judgments.

[¶4]     Smith submitted a one-page brief in support of the multiple notices of appeal. Smith did not file transcripts. This Court held oral argument on November 21, 2018, and Smith did not appear.

II

[¶5]     Smith argues the district court erred finding him in contempt for failing to pay child support.

[¶6]     In a contempt proceeding a complainant must clearly and satisfactorily show the contemnor willfully and inexcusably violated a court order. *Montgomery v. Montgomery*, 2003 ND 135, ¶ 18, 667 N.W.2d 611. The district court has broad discretion whether to hold a person in contempt, and our review is limited to whether the court abused its discretion. *Peterson v. Peterson*, 2016 ND 157, ¶ 6, 883 N.W.2d 449. An abuse of discretion occurs when the district court acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law. *Montgomery*, at ¶ 18. An inability to comply with an order is a defense to contempt proceedings, but the alleged contemnor has the burden of proof. *Peterson*, at ¶ 6.

[¶7]     Smith claims he was unable to pay monthly child support of $238.00 and only missed one payment. Smith argues that evidence at the hearing revealed he was unable, rather than unwilling, to pay support due to a lack of employment. Smith introduced evidence of enrollment in Job Service programs, but failed to show he is not capable of full-time employment and paying child support. Submissions from the regional child support unit show Smith was in arrears for twenty months and owed more than four thousand dollars.

[¶8]     The record supports the district court's finding Smith was capable of full-time employment and paying child support but failed to do so. Without a transcript this Court is unable to review more than the hearing exhibits and the district court's findings and order. Those documents sufficiently indicate the district court did not act in an arbitrary, unreasonable or unconscionable manner, and did not misinterpret

2

or misapply the law. The district court did not abuse its discretion in holding Smith in contempt for failing to pay child support.

III

[¶9]    Smith argues the court erred in awarding Erickson sole decision-making authority of the child's medical and mental health care. Smith argues the judicial referee did not make findings sufficient to support the decision. We decline to review the matter for lack of transcripts. Under N.D.R.App.P 10(b), "If an appeal is taken in a case in which an evidentiary hearing was held, the appellant must order a transcript of the proceedings . . . [and] the order for a transcript . . . must be filed with the clerk of the Supreme Court with the notice of appeal." The appellant assumes the consequences and risk for failure to file a transcript of a hearing. *Solwey v. Solwey*, 2018 ND 82, ¶ 7, 908 N.W.2d 690 (internal citations omitted). If the record on appeal does not allow for an intelligent review of an alleged error, we will decline to review the issue. *Id.*

[¶10]   Smith filed an untimely motion to waive the transcript fees. The district court considered the request and denied the fee waiver based on precedent granting such waivers only to criminal defendants and situations implicating a fundamental constitutional right. The district court recognized parenting time disputes are of great importance, but do not trigger fundamental rights associated with a transcript fee waiver. Smith's failure to order transcripts as provided in the North Dakota Rules of Appellate Procedure precludes meaningful review of the matter on appeal. Unlike the child support determination, the exhibits and district court findings alone do not allow for a meaningful review. We therefore decline to review the issue of parental decision-making.

IV

[¶11]   Smith argues that the district court erred in finding him a vexatious litigant and that the finding violates his constitutional right to access the court system.

3

[¶12]  The North Dakota Constitution art. I, § 9 guarantees access to state courts:

> "All courts shall be open, and every man for any injury done him in his lands, goods, person or reputation shall have remedy by due process of law, and right and justice administered without sale, denial or delay. Suits may be brought against the state in such manner, in such courts, and in such cases, as the legislative assembly may, by law, direct."

A court may restrict an individual's right to access the state's legal system in light of the rights of the public and necessities of the occasion. *Fed. Land Bank of St. Paul v. Ziebarth*, 520 N.W.2d 51, 56 (N.D. 1994).

[¶13]  Vexatious litigation impedes proper functioning of the courts. Rule 58(2)(b), N.D. Sup. Ct. Admin. R., defines a vexatious litigant as an individual who habitually, persistently and without reasonable grounds engages in conduct that:

> "(1) serves primarily to harass or maliciously injure another party in litigation;
> (2) is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law;
> (3) is imposed solely for delay;
> (4) hinders the effective administration of justice;
> (5) imposes an unacceptable burden on judicial personnel and resources; or
> (6) impedes the normal and essential functioning of the judicial process."

Rule 58, N.D. Sup. Ct. Admin. R. addresses vexatious litigation while protecting a person's reasonable access to the courts. Under N.D. Sup. Ct. Admin. R. 58(3)(a), "[t]he presiding judge may enter a pre-filing order prohibiting a vexatious litigant from filing any new litigation or any new documents in existing litigation in the courts of this state as a self-represented party without first obtaining leave of a judge of the court in the district where the litigation is proposed to be filed."

[¶14]  Rule 58(4), N.D. Sup. Ct. Admin. R., provides:

> "A presiding judge may find a person to be a vexatious litigant based on a finding that:
>> (a) in the immediately preceding seven-year period the person has commenced, prosecuted or maintained as a self-represented party at least three litigations, other than

4

in small claims court, that have been finally determined adversely to that person; or

(b) after a litigation has been finally determined against the person, the person has repeatedly relitigated or attempted to relitigate, as a self-represented party, either

(1) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or

(2) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined; or

(c) in any litigation while acting as a self-represented party, the person repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary burden, expense or delay; or

(d) the person has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding."

[¶15] We review district court orders finding litigants vexatious for abuse of discretion. *See In the Matter of Emelia Hirsch*, 2017 ND 291, ¶ 8, 904 N.W.2d 740. A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id*.

[¶16] Counsel represented Smith until the district court entered the initial judgment on January 8, 2016. In May 2017 Smith filed his first motion. From May 2017 to April 2018 more than four hundred entries appear in the docket, the majority of which were filed by Smith. Most of the motions, pleadings, letters and other documents Smith filed are frivolous and unsupported by good faith arguments. Those filings have unnecessarily burdened the other party and judicial personnel, and have strained judicial resources. Because of Smith's abusive filings, his access to the court has been restricted. However, Smith's access to the court has not been eliminated. Smith

5

retains reasonable access to the court system through a pre-filing order requiring him to obtain leave of a judge before litigation commences. The district court did not abuse its discretion in finding Smith a vexatious litigant and limiting his access to the court.

V

[¶17] We have considered Smith's remaining issues and arguments and conclude they are either unnecessary to our decision or without merit. The district court orders and judgment regarding parenting responsibility, contempt and finding Smith a vexatious litigant are affirmed.

[¶18]   Daniel J. Crothers
          Lisa Fair McEvers
          Jon J. Jensen
          Jerod E. Tufte
          Gerald W. VandeWalle, C.J.