# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2019 ND 264

In the Matter of the Emelia Hirsch, June 9, 1994, Irrevocable Trust

Timothy Betz,                                                                 Respondent

  v.

Emelia A. Hirsch, aka Emelia Hirsch,

aka Emilia Hirsch, Carolyn Twite

and Duane Hirsch,                                            Petitioners and Appellees

   and

Marlene Betz,                                          Interested Party and Appellant

## No. 20190162

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gail Hagerty, Judge.

AFFIRMED.

Per Curiam.

Sheldon A. Smith, Bismarck, ND, for petitioners and appellees.

Marlene M. Betz, Burnsville, MN, appellant; submitted on brief.

## Matter of Emelia Hirsch Trust
## No. 20190162

**Per Curiam.**

[¶1]   Marlene Betz appeals from a district court order denying her motion to vacate a previous order, which reformed the trust, and to terminate the trust. Betz argues (1) the 2008 order could not retroactively change the federal gift tax liability, (2) the district court did not have the power to change the federal gift tax liability from 1994 to 1999, (3) the district court did not have the power to retroactively change the tax liability for the trustee in 2007, (4) the beneficiaries did not retain rights to gifts after the trust reformation, (5) the North Dakota Supreme Court has a duty to reconsider the 2008 appeal and address the tax consequences, and (6) the trustees had to issue the final accounting of the trust as instructed in the first declaration of amendments. In its February 13, 2019 order the district court said, "all the tax liability has in fact been addressed, and the entire liability was dismissed by the IRS following an [a]ppeal."  The order reforming the trust was affirmed by this Court on appeal.  *Matter of Emelia Hirsch Trust*, 2009 ND 135, 770 N.W.2d 225.  Several other attempts to have the previous order vacated have been unsuccessful.  *See Matter of Emelia Hirsch Trust*, 2017 ND 291, 904 N.W.2d 740; *Matter of Emelia Hirsch Trust*, 2016 ND 217, 888 N.W.2d 205; *Matter of Emelia Hirsch Trust*, 2014 ND 135, 848 N.W.2d 719; *Matter of Emelia Hirsch Trust*, 2013 ND 63, 832 N.W.2d 334.

[¶2]    Betz argues the district court abused its discretion in denying her motion to vacate a previous order and terminate the trust.  We conclude the court did not abuse its discretion in denying the motion and we summarily affirm under N.D.R.App.P. 35.1(a)(4).  We decline to enter a prefiling order under N.D. Sup. Ct. Admin. R. 58(7), as requested by the trustees.  A prefiling order under N.D. Sup. Ct. Admin. R. 58 should ordinarily be sought in the district court, and the trustees already have a pending motion in district court.

[¶3]    Gerald W. VandeWalle, C.J.
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Allan L. Schmalenberger, S.J.

[¶4]    The Honorable Allan L. Schmalenberger, S.J., sitting in place of Jensen, J., disqualified.