# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 89

In the Matter of the Emelia Hirsch, June 9, 1994, Irrevocable Trust

| | |
|---|---|
| Timothy Betz, | Respondent and Appellant |
| v. | |
| Emelia A. Hirsch, aka Emelia Hirsch, aka Emilia Hirsch, Carolyn Twite and Duane Hirsch, | Petitioners and Appellees |
| and | |
| Marlene Betz, | Interested Party |
| and | |
| Allen Betz, | Interested Party and Appellant |

## No. 20210324

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

AFFIRMED IN PART, VACATED IN PART, DISMISSED IN PART, AND REMANDED.

Opinion of the Court by McEvers, Justice.

Timothy R. Betz, Fayetteville, NC, for respondent and appellant; submitted on brief.

Sheldon A. Smith and Tyler J. Malm, Bismarck, ND, for petitioners and appellees; submitted on brief.

Allen Betz, Burnsville, MN, interested party and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Allen Betz and Timothy Betz ("the Betzes") appeal from the district court's order finding them to be vexatious litigants and requiring them to obtain leave of court prior to filing documents in any new or existing litigation. The Betzes also argue the court erred in issuing a July 16, 2008 order reforming the Emelia Hirsch June 9, 1994, Irrevocable Trust. We affirm in part, vacate in part, dismiss in part, and remand for further proceedings.

I

[¶2]   This appeal is the latest in a line of cases dating back to 2009. *See Matter of Emelia Hirsch Trust*, 2021 ND 142, 963 N.W.2d 259; *Matter of Emelia Hirsch Trust*, 2020 ND 129, 944 N.W.2d 334; *Matter of Emelia Hirsch Trust*, 2019 ND 264, 935 N.W.2d 255; *Matter of Emelia Hirsch Trust*, 2017 ND 291, 904 N.W.2d 740; *Matter of Emelia Hirsch Trust*, 2016 ND 217, 888 N.W.2d 205; *Matter of Emelia Hirsch Trust*, 2014 ND 135, 848 N.W.2d 719; *Matter of Emelia Hirsch Trust*, 2013 ND 63, 832 N.W.2d 334; *Matter of Emelia Hirsch Trust*, 2009 ND 135, 770 N.W.2d 225. This Court has affirmed the district court's July 16, 2008 order reforming the Emelia Hirsch June 9, 1994, Irrevocable Trust and consistently denied further relief from that order, including prior appeals from both Allen Betz, *see* 2021 ND 142, and Timothy Betz, *see* 2016 ND 217. This Court has also previously affirmed a pre-filing order finding Timothy Betz to be a vexatious litigant under N.D. Sup. Ct. Admin. R. 58 and prohibiting him from filing any new litigation or any new documents in existing litigation as a self-represented party without first obtaining leave of court. *See* 2017 ND 291.

[¶3]   On January 8, 2020, Allen Betz moved the district court to vacate the July 16, 2008 order. On January 16, 2020, the Trustees cross-moved, requesting that the court enter a pre-filing order under N.D. Sup. Ct. Admin. R. 58 prohibiting Allen Betz from filing any new litigation or any new documents in existing litigation as a self-represented party without first

obtaining leave of court. Allen Betz filed a response on January 30, 2020, mostly contending there had been "fraud on the court" while also arguing the record did not "warrant a Rule 58 Pre-Filing Order" as he had made only two filings in the case.

[¶4]   On January 31, 2020, Judge Gail Hagerty issued an order denying Allen Betz's motion to vacate the July 16, 2008 order. Judge Hagerty noted the trustees had asserted Allen Betz was a vexatious litigant and stated that the "Court agrees and will begin the process of implementing such an order." The same day, Judge Hagerty, then presiding judge of the South Central Judicial District, issued a Notice and Proposed Pre-Filing Findings and Order against Allen Betz, permitting Allen Betz to file a written response within fourteen days. Allen Betz did not respond, and there is no indication in the record that Judge Hagerty subsequently issued a pre-filing order against Allen Betz prior to her retirement. Allen Betz did not appeal from the January 31, 2020 order denying his motion.

[¶5]   Following Judge Hagerty's retirement, Judge Bobbi Weiler was assigned to the case. In early September 2021, Allen Betz moved the court to grant relief from the court's September 7, 2005 Order under N.D.R.Civ.P. 60(b). Timothy Betz similarly requested leave to file documents and new litigation regarding gift tax returns. On September 15, 2021, Judge Weiler sent a copy of the district court's January 31, 2020 order denying a similar motion from Allen Betz to both Allen Betz and Timothy Betz in response to their filings. On September 30, 2021, Judge Weiler issued an order finding Allen Betz and Timothy Betz had "persistently and without reasonable grounds filed motions and requests not warranted under existing law and which cannot be supported by any good faith argument." Judge Weiler further found the Betzes' actions had served primarily to harass and injure other parties to the litigation, and had imposed an unacceptable burden on other parties and judicial personnel and resources. Judge Weiler concluded that Allen Betz and Timothy Betz were vexatious litigants and were prohibited from filing any new litigation or any new documents in existing litigation as a self-represented party without first obtaining leave of court. Allen Betz and Timothy Betz appeal the September 30, 2021 order.

2

## II

[¶6]  Both Allen Betz and Timothy Betz argue generally that the district court committed reversible error in issuing its July 16, 2008 order reforming the Emelia Hirsch June 9, 1994, Irrevocable Trust.

[¶7]  Contrary to the Betzes' assertion, they have not appealed from the July 16, 2008 order. Both notices of appeal state that the Betzes appeal "from the September 30, 2021 order." Consequently, the Betzes cannot challenge in this appeal the district court's July 16, 2008 order reforming the trust. *See Meier v. Meier*, 2014 ND 127, ¶ 5, 848 N.W.2d 253. Even if they had attempted to appeal from the July 16, 2008 order, their appeals are untimely. N.D.R.App.P. 4(a)(1); *see also Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 6, 855 N.W.2d 608 ("The time limit for filing a notice of appeal is jurisdictional, and we dismiss an appeal if we conclude we do not have jurisdiction."). We therefore will not address the Betzes' appeal as it relates to the court's July 16, 2008 order.

## III

[¶8]  Both Allen Betz and Timothy Betz argue the district court erred in issuing a pre-filing order pursuant to N.D. Sup. Ct. Admin. R. 58. We address their arguments in turn.

### A

[¶9]  Allen Betz argues the district court failed to follow the defined procedure for issuing a pre-filing order limiting his filings in the district court.

[¶10] This Court reviews pre-filing orders issued under N.D. Sup. Ct. Admin. R. 58 for an abuse of discretion. *Matter of Emelia Hirsch Trust*, 2017 ND 291, ¶ 8. A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

[¶11] Rule 58(5), N.D. Sup. Ct. Admin. R., requires the "presiding judge" to provide notice and an opportunity for response from the litigant:

3

> If the presiding judge finds that there is a basis to conclude that a person is a vexatious litigant and that a pre-filing order should be issued, the presiding judge must issue a proposed pre-filing order along with the proposed findings supporting the issuance of the pre-filing order. The person who would be designated as a vexatious litigant in the proposed order will have 14 days to file a written response to the proposed order and findings. If a response is filed, the presiding judge may, in the judge's discretion, grant a hearing on the proposed order. If no response is filed within 14 days, or if the presiding judge concludes following a response and any subsequent hearing that there is a basis for issuing the order, the presiding judge may issue the pre-filing order.

"Presiding judge means the presiding judge of a district under N.D. Sup. Ct. Admin. R. 2." N.D. Sup. Ct. Admin. R. 58(2)(c); *see* N.D. Sup. Ct. Admin. R. 2 (a presiding judge serves as "the chief administrative officer of all courts in the judicial district").

[¶12] Rule 58, N.D. Sup. Ct. Admin. R., permits the "presiding judge" to issue a pre-filing order. Although Judge Hagerty was the presiding judge when she issued the notice, proposed pre-filing order, and proposed findings in January 2020, the record does not indicate Judge Hagerty subsequently entered a pre-filing order. Judge Weiler issued a pre-filing order against Allen Betz on September 30, 2021. Judge Weiler was not the presiding judge of the South Central Judicial District. Under N.D. Sup. Ct. Admin. R. 58, a pre-filing order must be issued by the presiding judge. We conclude the district court abused its discretion by misapplying the law when Judge Weiler issued a pre-filing order against Allen Betz, and we vacate that portion of the September 30, 2021 order.

[¶13] We now address Allen Betz's Motion and Petition for Relief under N.D.R.Civ.P. 60(b) dated September 8, 2021. The district court did not issue an order ruling on Allen Betz's motion; instead, it sent Allen Betz a copy of Judge Hagerty's January 31, 2020 order. The court also concluded in its September 30, 2021 order that the Betzes have repeatedly filed unmeritorious motions and engaged in frivolous tactics. It is clear the court considered the motion meritless. Although the court did not specifically address Allen Betz's Rule

4

60(b) motion, we deem it denied. *Alerus Fin., N.A., v. Erwin*, 2018 ND 119, ¶ 12, 911 N.W.2d 296 ("if a court does not rule on a motion, it may be deemed denied"); *see also* 60 C.J.S. *Motions and Orders* § 40 ("Motions not ruled on are deemed denied by operation of law" and "a motion wholly frivolous and without merit is a nullity which may be ignored."). Allen Betz's brief does not address why his claim has merit under N.D.R.Civ.P. 60(b)(2), (3), or (6) as requested in his motion. Rather, he addresses only the July 16, 2008 order reforming the Emelia Hirsch June 9, 1994, Irrevocable Trust and related issues. These arguments, which have previously been addressed by this Court, are wholly frivolous and without merit.

B

[¶14] Timothy Betz argues the district court "violated the guidelines for entering a Pre-Filing Order under N.D. Sup.Ct. Admin. R. 58."

[¶15] The September 30, 2021 order also found Timothy Betz to be a vexatious litigant and prohibited him from filing any new litigation or any new documents in existing litigation as a self-represented party without first obtaining leave of court. As noted above, Judge Weiler did not have authority to issue such an order because she is not the presiding judge of the district. However, Timothy Betz was already subject to a pre-filing order. Judge Hagerty issued a pre-filing order against Timothy Betz on April 24, 2017, and this Court affirmed on appeal. *Matter of Emelia Hirsch Trust*, 2017 ND 291. Therefore, although the September 30, 2021 pre-filing order was not issued by the presiding judge, Timothy Betz is still subject to the pre-filing order issued by Judge Hagerty in April 2017, and we conclude any error was harmless as related to Timothy Betz. N.D.R.Civ.P. 61.

[¶16] Timothy Betz filed a motion dated September 8, 2021, for leave to file his motion under Rule 60(b). We conclude the district court's act of issuing a copy of the January 31, 2020 order constitutes a denial of Timothy Betz's request for leave, and "[d]enial of leave to file is not appealable." *Wheeler v. State*, 2021 ND 182, ¶ 9, 965 N.W.2d 416. We note the court's method of denying leave of court is not a model of clarity. A better practice would have been addressing Timothy Betz's motion specifically, rather than sending a copy of a previous

order. Regardless of the court's methods, the denial of leave to file is not appealable, and the appeal on this issue is dismissed.

## IV

[¶17] The Trustees argue they are entitled to recovery of their costs and attorney's fees on appeal. They argue the Betzes' appeal "is merely the latest of many frivolous attempts to re-litigate the district court's reformation of the Emelia Hirsch Trust."

[¶18] We have stated:

> Rule 38, N.D.R.App.P., authorizes this Court to award "just damages and single or double costs including reasonable attorney's fees" if the Court determines an appeal is frivolous. "An appeal is frivolous when it is flagrantly groundless." "Where the appellant's arguments are both factually and legally so devoid of merit that he should have been aware of the impossibility of success on appeal, an assessment of costs and attorney fees is proper." This Court has also stated, when a party seeks more than a token amount of attorney fees, an affidavit documenting the work performed should accompany the request.

*Matter of Emelia Hirsch Trust*, 2017 ND 291, ¶ 14 (internal citations omitted).

[¶19] Rule 58(6), N.D. Sup. Ct. Admin. R., specifically provides the district court's pre-filing order is appealable under N.D.C.C. § 28-27-02 and N.D.R.App.P. 4. Allen Betz's appeal of the pre-filing order, therefore, was not frivolous, and we decline to award the Trustees their request for attorney's fees on this issue. However, Timothy Betz's appeal is factually and legally devoid of merit, and he should have been aware of the impossibility of success on appeal. We therefore award the Trustees attorney's fees in the amount of $500, to be assessed against Timothy Betz. The Betzes also raised additional issues and arguments in this appeal unrelated to their appeal under N.D. Sup. Ct. Admin. R. 58, including issues repeatedly affirmed by this Court, to which the Trustees were required to respond. These issues were also frivolous. We therefore award the Trustees double costs to be assessed against both appellants.

6

[¶20] We affirm the district court's deemed denial of Allen Betz's motion under N.D.R.Civ.P. 60(b). We vacate that portion of the court's September 30, 2021 order finding Allen Betz a vexatious litigant, and remand to the presiding judge for further consideration. We dismiss Timothy Betz's appeal, because denial of leave to file is not appealable. We award double costs and attorney's fees of $500 to the Trustees, and remand for further proceedings.

[¶21] Daniel J. Crothers, Acting C.J.
    Gerald W. VandeWalle
    Lisa Fair McEvers
    Jerod E. Tufte
    Daniel D. Narum, D.J.

[¶22] The Honorable Daniel D. Narum, D.J., sitting in place of Jensen, C.J., disqualified.