# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 161

Kelsey Mae Anderson,                      Petitioner and Appellee

v.

Dylan Krueger,                      Respondent and Appellant

## No. 20250078

Appeal from the District Court of LaMoure County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Ronald K. Hettich, Fargo, ND, for petitioner and appellee; submitted on brief.

Jonathan L. Green, Wahpeton, ND, for respondent and appellant; submitted on brief.

**Bahr, Justice.**

[¶1]   Dylan Krueger appeals the district court's issuance of a Domestic Violence Protection Order. Krueger argues he was justified in his use of force under N.D.C.C. § 12.1-05-06 when he removed Kelsey Anderson from his home. We affirm.

I

[¶2]   In January 2025, Anderson petitioned for a domestic violence protection order against Krueger. During the hearing, Anderson presented evidence of past domestic violence Krueger perpetrated against her. Anderson primarily focused on an incident that occurred in November 2024, where Krueger forcefully removed Anderson from his home. This incident was recorded on Anderson's phone and corroborated by hospital records. Krueger did not deny forcefully removing Anderson from his home, but argued he had a right to do so under N.D.C.C. § 12.1-05-06. The district court found Krueger's demeanor in the video indicated "an intent to do violence," the medical records supported Anderson's injuries, Krueger's conduct "was not reasonable self-defense or defense of property," and the evidence presented "clearly supports the issuance of [an] order." The court issued a domestic violence protection order against Krueger for a period of two years.

II

A

[¶3]   "A domestic violence protection order is a civil action primarily for injunctive relief." *Tracey v. Tracey*, 2023 ND 219, ¶ 6, 997 N.W.2d 852 (quoting *Lovcik v. Ellingson*, 1997 ND 201, ¶ 11, 569 N.W.2d 697). This Court's standard for reviewing a district court's decision on a domestic violence protection order is well-established:

> A district court's finding of domestic violence is a finding of fact that will not be overturned unless it is clearly erroneous. A finding of

fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made. The question whether the trial court has misinterpreted the domestic violence statute is a question of law that is fully reviewable on appeal.

*Legacie-Lowe v. Lowe*, 2023 ND 140, ¶ 4, 994 N.W.2d 177 (cleaned up).

[¶4]   A district court may enter a protection order upon a "showing of actual or imminent domestic violence[.]" N.D.C.C. § 14-07.1-02(4). Section 14-07.1-01(2), defines "Domestic Violence" as including:

> [P]hysical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members.

B

[¶5]   The district court found Krueger's actions constitute domestic violence as defined in N.D.C.C. § 14-07.1-01(2). Krueger asserts he was justified in his use of force under N.D.C.C. § 12.1-05-06. Section 12.1-05-06 states, "Force is justified if it is used to prevent or terminate an unlawful entry or other trespass in or upon premises, or to prevent an unlawful carrying away or damaging of property."

[¶6]   Section 12.1-05-06, N.D.C.C., is a criminal statute that operates as a defense to a criminal prosecution. N.D.C.C. § 12.1-05-01(1) ("Except as otherwise expressly provided, justification or excuse under this chapter is a defense."); *State v. Sahr*, 470 N.W.2d 185, 188 (N.D. 1991) ("It is true . . . that North Dakota recognizes that justification can be a defense in a criminal prosecution."). The issuance of a domestic violence protection order is a remedy in a civil action. N.D.C.C. § 14-07.1-02; *Tracey*, 2023 ND 219, ¶ 6. "That conduct may be justified or excused within the meaning of [chapter 12.1-05] does not abolish or impair any remedy for such conduct which is available in any civil action." N.D.C.C. § 12.1-05-01(3). Both the procedures and standards for obtaining a domestic violence protection order are controlled by N.D.C.C. ch. 14-07.1. "Domestic

violence" is defined by N.D.C.C. § 14-07.1-01(2), not N.D.C.C. ch. 12.1-05. Section 12.1-05-06 does not impair a petitioner's potential remedy under chapter 14-07.1.

[¶7]   In determining Krueger committed domestic violence, the district court considered the force used by Krueger, the harm caused, and the circumstances surrounding Krueger's use of force. The court specifically found Krueger's demeanor in the "video indicates an intent to do violence" and that "what the video depicts was not reasonable self-defense or defense of property." *Cf.* N.D.C.C. § 12.1-05-07(1) ("An individual is not justified in using more force than is necessary and appropriate under the circumstances."). The court's finding Krueger committed domestic violence was not induced by an erroneous view of the law, is supported by the evidence, and we are not left with a definite and firm conviction a mistake has been made.

C

[¶8]   Krueger argues he had a right to use force to protect his property under article I, section 1 of the North Dakota Constitution, and that Anderson assumed certain risks when she remained on his property as a trespasser under N.D.C.C. § 12.1-38-02.

[¶9]   Rule 28(b)(7)(B)(ii), N.D.R.App.P., requires the appellant's brief contain "citation to the record showing that the issue was preserved for review; or a statement of grounds for seeking review of an issue not preserved[.]" Krueger's brief does not cite to the record where he raised arguments under article I, section 1 of the North Dakota Constitution, and N.D.C.C. § 12.1-38-02. His brief also provides no argument regarding why this Court can review these issues when they were not raised at the district court. Krueger's brief on these issues does not meet the minimum requirements of Rule 28(b)(7). "Appellate rules must be complied with and treated respectfully." *State v. Wiese*, 2024 ND 39, ¶ 7, 4 N.W.3d 242.

[¶10]  "It is well established that an issue not presented to the trial court will not be considered for the first time on appeal. This constraint applies with particular force to a constitutional issue." *Peters-Riemers v. Riemers*, 2001 ND 62, ¶ 23, 624 N.W.2d 83 (cleaned up). Krueger did not identify how he raised his arguments

3

under article I, section 1 of the North Dakota Constitution, and N.D.C.C. § 12.1-38-02 to the district court, and our review of the record has not shown he raised the issues. Krueger failed to preserve these arguments, and we decline to address them.

### III

[¶11] We affirm the Domestic Violence Protection Order.

[¶12] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr