# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 67

| | |
|---|---|
| Christopher Bauer, | Plaintiff and Appellant |
| and | |
| Jackie Peles, | Plaintiff |
| v. | |
| Christopher Adam, Emily Boyd, Katherine Zufelt, Catherine Dupreez, Devon Gallant, Keile Budd, Oriana Schley, Cecil Clifton, and Harlow's School Bus Service, Inc., | Defendants and Appellees |

## No. 20250249

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED; COSTS AND ATTORNEY'S FEES AWARDED.

Opinion of the Court by Tufte, Justice.

Christopher Bauer, self-represented, Anchorage, Alaska, plaintiff and appellant; on brief.

Gary M. Beaudry, Bigfork, Montana, for defendants and appellees Christopher Adam, Emily Boyd, Katherine Zufelt, Catherine Dupreez, Devon Gallant, Keile Budd, Oriana Schley, and Cecil Clifton; on brief.

Jesse H. Walstad, Seth A. Thompson, and Jack M. Buck, Bismarck, North Dakota, for defendant and appellee Harlow's School Bus Service, Inc.; on brief.

**Tufte, Justice.**

[¶1] Christopher Bauer appeals from a pre-filing order declaring him a vexatious litigant and orders denying his motion for default judgment and sanctioning him. Harlow's School Bus Service ("Harlow's") requests an award of costs and attorney's fees for defending a meritless appeal. We affirm the pre-filing order, dismiss Bauer's appeal from the orders denying his motion for default judgment and sanctioning him, and award Appellees double costs and Harlow's attorney's fees in the amount of $1,000.

I

[¶2] In October 2024, after Harlow's terminated Bauer's employment, Bauer commenced this suit against current and former Harlow's employees,[1] alleging civil conspiracy, constitutional tortious interference, and defamation. Harlow's moved to intervene, which the district court granted. Bauer moved for default judgment against the employees, which the court denied. After the court permitted Harlow's to intervene, Bauer filed an amended complaint, asserting claims against Harlow's for aiding and furthering conspiracy, extortion and coercion, defamation, negligence and failure to supervise, violation of the Fair Credit Reporting Act, failure to conduct a legal review of an outside incident, aiding in defamation and threatening retaliation, and violation of due process. Harlow's moved to dismiss, or in the alternative, for a more definite statement; for sanctions; and to declare Bauer a vexatious litigant. Harlow's employees joined in the motions. After Bauer responded and a hearing was held, the court granted Defendants' motion to dismiss in part, dismissing all claims except civil conspiracy and defamation, ordered a more definite statement on the surviving claims, and awarded sanctions for Bauer's frivolous claims. Although the court

---

[1] Oriana Schley is the only individually-named defendant that was not a Harlow's employee. For sake of simplicity, all of the individually-named defendants will be referred to as "employees."

denied the motion to declare Bauer a vexatious litigant, it warned Bauer that a renewed motion may be granted if he persisted in his conduct. Bauer amended his complaint, clarifying his remaining claims.

[¶3]   In July 2025, after more filings by Bauer, the presiding judge of the Northwest Judicial District ("presiding judge"), on her own motion, issued a proposed pre-filing order and findings—which would restrict his ability to file new litigation or documents in existing litigation without prior court approval—and provided Bauer 14 days to respond. Bauer moved to strike and vacate the proposed pre-filing order, arguing the presiding judge had no jurisdiction to issue the order, he was denied due process, and he is not a vexatious litigant. Bauer did not request a hearing on the proposed order. The presiding judge entered a pre-filing order, finding Bauer to be a vexatious litigant and restricting his ability to file without prior court approval. In August 2025, the district court ordered further sanctions against Bauer after it denied his motion to strike and compel clarification and for sanctions.

II

[¶4]   Bauer appeals from the order denying his motion for default judgment and the August 2025 order sanctioning him.

> The right to appeal is governed by statute and, absent a statutory basis for the appeal, we must dismiss the appeal. Only judgments and decrees which constitute a final judgment of the rights of the parties and certain orders enumerated by statute are appealable. We apply a two-pronged test when determining whether an interlocutory order is appealable. First, the order appealed from must meet one of the statutory criteria of appealability set forth in N.D.C.C. § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), N.D.R.Civ.P., must be complied with.

*Pinks v. Kelsch*, 2024 ND 15, ¶ 5, 2 N.W.3d 704 (cleaned up).

[¶5]   The district court has not issued a final judgment adjudicating all claims. Bauer's claims for civil conspiracy and defamation were not adjudicated and

2

remain pending. The order denying Bauer's motion for default judgment is not an appealable order under N.D.C.C. § 28-27-02. *Fritz v. Hassan*, 316 N.W.2d 797, 799 (N.D. 1982). Similarly, the August 2025 order sanctioning Bauer pursuant to N.D.R.Civ.P. 11 is not an appealable order under N.D.C.C. § 28-27-02. *Gast Constr. Co. v. Brighton P'ship*, 422 N.W.2d 389, 391 (N.D. 1988) ("[A]n order assessing attorney's fees against a party without adjudicating the case proper is not an appealable order."); *State ex rel. Olson v. Nelson*, 222 N.W.2d 383, 386 (N.D. 1974). Because these are non-appealable orders, we do not have jurisdiction to review them, and we dismiss Bauer's appeal from the orders.

[¶6]   Bauer also argues counsel representing Harlow's colluded with judicial officers and financed the employees' counsel, constituting improper influence; the district court selectively enforced rules by sanctioning him while Defendant Emily Boyd allegedly committed unauthorized practice of law; and Defendants used abusive litigation practices. For each issue, the appellant must "cit[e] to the record showing that the issue was preserved for review" or state the "grounds for seeking review of an issue not preserved." N.D.R.App.P. 28(b)(7)(B)(ii). Bauer does not cite the record to show these issues were raised in the district court, or state his grounds for seeking review of the unpreserved issues. We conclude these issues have not been preserved for appellate review, and we decline to address them. *See Anderson v. Krueger*, 2025 ND 161, ¶¶ 9-10, 26 N.W.3d 556.

### III

[¶7]   Bauer appeals from a pre-filing order declaring him a vexatious litigant. Unlike the interlocutory orders already discussed, "[a] pre-filing order entered by a presiding judge designating a person as a vexatious litigant may be appealed to the supreme court under N.D.C.C. § 28-27-02 and N.D.R.App.P. 4." N.D. Sup. Ct. Admin. R. 58(6)(a).

[¶8]   Harlow's argues Bauer failed to respond to the presiding judge's proposed pre-filing order or otherwise raise the arguments he now presents on appeal and therefore has not preserved the issues for appeal. We disagree. After the presiding judge issued a proposed pre-filing order and findings, Bauer moved to strike and vacate the proposed pre-filing order, arguing the presiding judge

3

had no jurisdiction to issue the order, he was denied due process, and he is not a vexatious litigant. Bauer also filed a proposed order. While none of these filings are labeled "response to the proposed order and findings," the arguments made in the filings are the same as the arguments he makes on appeal. We therefore reject Harlow's assertion that Bauer's vexatious litigant arguments were not raised before the presiding judge.

A

[¶9]   Bauer argues the presiding judge lacked jurisdiction to issue the pre-filing order.

[¶10] "North Dakota district courts are courts of general jurisdiction." *Lavallie v. Jay*, 2020 ND 147, ¶ 6, 945 N.W.2d 288. "State courts of general jurisdiction enjoy a presumption of jurisdiction, and the party challenging subject matter jurisdiction bears the burden of proving the court lacks jurisdiction." *Id.* "[C]hallenges to a district court's subject matter jurisdiction are reviewed de novo when the jurisdictional facts are not in dispute." *Id.* ¶ 5.

[¶11] "We have long held courts have the inherent authority to control dockets to stem abuses of the judicial process and to maintain the integrity of the court." *Rath v. Rath*, 2022 ND 105, ¶ 37, 974 N.W.2d 652. Section 28-36-04, N.D.C.C., states that "[t]he supreme court shall adopt rules to implement this [vexatious litigation] chapter." *See also Rath*, ¶ 37 (noting the Court "has the authority to promulgate a rule to guide the district court's determination of vexatious litigants"). Under N.D. Sup. Ct. Admin. R. 58(3)(a), "At the request of a party or on the court's own motion, the presiding judge may designate a litigant as a vexatious litigant." *See also* N.D. Sup. Ct. Admin. R. 2(2) ("The presiding judge is responsible for all court services of all courts within the geographical area of the judicial district.").

[¶12] Bauer provides no supporting argument or relevant legal authority showing the district court lacked jurisdiction, or the presiding judge was without authority to issue the pre-filing order. Under N.D. Sup. Ct. Admin. R. 58(3)(a),

the presiding judge, on her own motion, may designate a litigant as a vexatious litigant. We conclude Bauer's jurisdictional claim is without merit.

B

[¶13] Bauer argues he did not receive constitutional due process or the process due to him under N.D. Sup. Ct. Admin. R. 58. "[P]rocedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *In re Hehn*, 2021 ND 20, ¶ 7, 954 N.W.2d 689. "Procedural safeguards are contained within N.D. Sup. Ct. Admin. R. 58 providing for a specific vexatious litigant definition, appropriate notice, requisite court findings, and the pre-filing order contents." *Rath*, 2022 ND 105, ¶ 38.

[¶14] Bauer argues the pre-filing order was issued sua sponte, and without notice, a hearing, and findings. As explained, N.D. Sup. Ct. Admin. R. 58(3)(a) specifically allows the pre-filing order to be issued on the court's own motion. The court provided notice and proposed findings in the proposed pre-filing order:

> Pursuant to N.D. Sup. Ct. Admin. R. 58(3)(b), Bauer is notified he has fourteen (14) days to file a written response to the proposed order and findings. The Court, in its discretion, may grant a hearing on the proposed order if a response is filed [or] . . . issue the pre-filing order without a hearing if no response is filed or if the Court concludes there is a basis for issuance of the order.

[¶15] Bauer did not request a hearing in his filings responding to the proposed pre-filing order and findings. He has not argued how the district court abused its discretion in not holding a hearing. *See Glaum v. State*, 2024 ND 86, ¶ 22, 6 N.W.3d 603. In addition to receiving notice and the opportunity for a hearing, the final pre-filing order provides the court's findings. Bauer does not argue what further process is due to him under the federal or state constitution. *See also City of Dickinson v. Helgeson*, 2026 ND 34, ¶ 11 (rejecting due process challenge to N.D. Sup. Ct. Admin. R. 58 and noting "[t]he required findings, filing requirements, and notice to the litigant were sufficient procedural safeguards to

5

prevent constitutional violations" (citing *Rath*, 2022 ND 105, ¶ 38)). We conclude Bauer received due process.

C

[¶16] Bauer argues the presiding judge erred in finding him to be a vexatious litigant. We review an order finding a litigant vexatious for an abuse of discretion. *Rath*, 2022 ND 105, ¶ 21. "A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably; when it misinterprets or misapplies the law; or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.*

[¶17] "If the court finds by a preponderance of the evidence an individual is a vexatious litigant, the court shall enter a prefiling order restricting the vexatious litigant from filing new litigation or filing documents within existing litigation without prior approval of the court." N.D.C.C. § 28-36-02(1); N.D. Sup. Ct. Admin. R. 58(3). Under N.D. Sup. Ct. Admin. R. 58(2)(d), a person may qualify as a vexatious litigant in one or more of four alternative ways:

> "Vexatious litigant" means a litigant, either self-represented or through an attorney, who:
> (1) In the immediately preceding seven-year period, has commenced, prosecuted, or maintained at least two litigations that:
>   (A) involved vexatious conduct on the part of the litigant and
>   (B) were finally determined adversely to that person;
> (2) After a litigation has been finally determined against the person, the person has repeatedly relitigated or attempted to relitigate either:
>   (A) the validity of the determination against the same party or parties as to whom the litigation was finally determined; or
>   (B) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same party or parties as to whom the litigation was finally determined;
> (3) In any litigation, the person repeatedly:
>   (A) files unmeritorious motions, pleadings, or other papers;
>   (B) conducts unnecessary discovery; or

(C) engages in any other tactics, and such conduct is frivolous or intended to cause unnecessary burden, expense, or delay; or

(4) In any litigation, the person has previously been declared a vexatious litigant by any state or federal court of record in any action or proceeding.

*See also* N.D. Sup. Ct. Admin. R. 58(2)(c) (defining "[v]exatious conduct"); N.D.C.C. § 28-36-01(2)-(3) (providing same definitions of "[v]exatious litigant" and "[v]exatious conduct"). The presiding judge found N.D. Sup. Ct. Admin. R. 58(2)(d)(1), (2), and (3) applied to Bauer.

[¶18] Bauer argues that although he has filed multiple cases, "[n]one have been dismissed as frivolous," and "[e]ach has survived dispositive motions or advanced to review." This claim has no application to the criteria under N.D. Sup. Ct. Admin. R. 58(2)(d) and N.D.C.C. § 28-36-01(3). In finding Bauer was a vexatious litigant under N.D. Sup. Ct. Admin. R. 58(2)(d)(3), the presiding judge found he "filed numerous unmeritorious motions, pleadings and other papers; improperly conducted discovery and made demands related to his improper discovery attempts; and engaged in tactics exhibiting frivolous conduct which is intended to cause unnecessary burden expense, or delay." The judge found he filed "numerous motions in rapid succession, repeatedly citing nonexistent caselaw or making arguments with no legal basis or authority, and filing or threatening to file disciplinary actions or have judges/attorneys removed from cases who do not comply with [his] demands, on [his] timeline, or rule in his favor on motions." Bauer does not challenge these findings.

[¶19] At the time the district court issued the final pre-filing order—less than ten months after Bauer commenced this suit—the docket contained 254 entries. In the pre-filing order, the presiding judge extensively cited the numerous unmeritorious filings Bauer made in this case. We conclude the presiding judge did not abuse her discretion in finding Bauer to be a vexatious litigant under N.D. Sup. Ct. Admin. R. 58(2)(d)(3), N.D.C.C. § 28-36-01(3)(c).

[¶20] Harlow's requests costs and attorney's fees on appeal. If an appeal is frivolous, we may award "just damages and single or double costs, including reasonable attorney's fees." N.D.R.App.P. 38.

> An appeal is frivolous when it is flagrantly groundless. Where the appellant's arguments are both factually and legally so devoid of merit that he should have been aware of the impossibility of success on appeal, an assessment of costs and attorney fees is proper. This Court has also stated, when a party seeks more than a token amount of attorney fees, an affidavit documenting the work performed should accompany the request.

*In re Emelia Hirsch, June 9, 1994, Irrevocable Tr.*, 2022 ND 89, ¶ 18, 973 N.W.2d 427 (quotations omitted).

[¶21] Because N.D. Sup. Ct. Admin. R. 58(6)(a) allows a pre-filing order to be appealed, Bauer's appeal of the pre-filing order is not necessarily frivolous. *In re Emelia Hirsch*, 2022 ND 89, ¶ 19. Although his arguments do not persuade us to reverse the pre-filing order, they are not so completely devoid of merit that he should have understood success on appeal from the order would be impossible. But Bauer also appealed from two orders that are not appealable and raised issues that he failed to preserve for appellate review. Bauer failed to support his arguments challenging the pre-filing order with relevant argument or authority. As to these unappealable issues, Bauer's arguments are factually and legally devoid of merit, and he should have been aware of the impossibility of success on appeal. *See id.* (awarding double costs and attorney's fees for raising frivolous and non-appealable issues, despite appeal of pre-filing order being non-frivolous).

[¶22] Because Harlow's has not filed an affidavit documenting the work its attorneys performed on appeal, we cannot determine the reasonable value of those services and we therefore award Harlow's attorney's fees in the amount of $1,000, and double costs assessed against Bauer in favor of Appellees. *See In re*

*Emelia Hirsch, June 9, 1994, Irrevocable Tr.*, 2025 ND 79, ¶ 13, 20 N.W.3d 154 (awarding double costs and $1,000 in attorney's fees).

V

[¶23] The pre-filing order is affirmed. We dismiss Bauer's appeal from the orders denying his motion for default judgment and sanctioning him, and award Appellees double costs and Harlow's attorney's fees in the amount of $1,000.

[¶24] Lisa Fair McEvers, C.J.
     Jerod E. Tufte
     Jon J. Jensen
     Douglas A. Bahr
     Jackson J. Lofgren, D.J.


[¶25] The Honorable Daniel J. Crothers, who was a member of the Court when this matter was submitted, was disqualified and did not participate in this decision. The Honorable Jackson J. Lofgren, District Judge, sitting.